UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER MORALES and MARY HELEN MORALES<br>    *Plaintiffs,*<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br>    *Defendant.* | CIVIL ACTION NO. 5:22-CV-527 |

### DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S NOTICE OF REMOVAL

**TO THE JUDGES AND THE CLERK OF THE UNITED STATED DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS**:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1441, 1446, 1331 and 1332, SPECIALIZED LOAN SERVICING, LLC ("SLS" or "Defendant") hereby removes the above-captioned action from the County Court at Law No. 10 of Bexar County, Texas to the United States District Court for the Western District of Texas San Antonio Division.

### I.
### THE REMOVED CASE

1.     The removed case is a civil action filed on April 26, 2022, in the County Court at Law No. 10 of Bexar County, Texas, styled*, Christopher Morales and Mary Helen Morales v. Specialized Loan Servicing, LLC*. This case received cause number 2022CV01664 in the state court.

2.     Plaintiffs' Original Petition ("Petition") alleges a cause of action for violation of Truth in Lending Act ("TILA"), violation of the Real Estate Settlement Procedures Act ("RESPA"), breach of contract, and violation of the Texas Debt Collection Act. *See* Petition ¶¶ 38-56.

3. On April 26, 2022, Plaintiffs filed this suit, and on May 11, 2022, Plaintiffs served Defendant. Removal is timely pursuant to 28 U.S.C. §1446(b). In accordance with 28 U.S.C. §1446(a), attached hereto as Exhibits 1-6, inclusive, are correct copies of all process, pleadings, and orders in the state court action to date.

## II.
## VENUE

4. Venue in the Western District of Texas San Antonio Division is proper under 28 U.S.C. §1441(a), because this Court is the United States District Court for the district and division embracing the place where the state court action is pending.

## III.
## THIS COURT HAS FEDERAL QUESTION JURISDICTION UNDER §1331

5. Plaintiffs allege violations of federal statute and raises federal questions in the Petition.

6. Under Section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.' [*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)].... The 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a '"suit arises under the law that creates the cause of action."' *Id.*, at 8-9, quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)." *Merrell Dow*, 478 U.S., at 808.

7. In Plaintiffs' Petition, Plaintiffs allege violations of TILA and RESPA. *See* Exh. 2, Plaintiffs' Original Petition, ¶¶ 38-50. Therefore, removal to this Court is proper under 28

U.S.C. § 1441 (a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a) (2010). A federal question appears on the face of Plaintiffs' Petition, and these claims "arise under" federal law.

8. Further, to the extent the Petition alleges state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claim under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2010).

9. Thus, because some of Plaintiffs' claims arise under the laws of the United States, removal of this entire cause of action is appropriate under §1331(a)-(c).

## IV.
## THIS COURT HAS DIVERSITY JURISDICTION UNDER §1332

10. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he has domicile. *Mas v. Perry*, 489 F. 2d 1396, 1399 (5th Cir. 1974). Plaintiffs' claims against SLS are entirely based on SLS's foreclosure efforts of Plaintiffs' alleged homestead located at 2938 Jasper Street, San Antonio, Texas 78223 (the "Property"). It is well established that "residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007); *Joseph v. Unitrin, Inc.*, 2008 U.S. Dist. LEXIS 61726, 2008 WL 3822938, *5 (E.D. Tex. 2008). A person's domicile is

the place of "his true, fixed, and permanent home and principal establishment, and to which he has the intentions of returning whenever he is absent therefrom…" *Id.*

11. Upon information and belief, Plaintiffs continue to occupy the Property located in Bexar County, Texas as their primary residence. Thus, SLS alleges Plaintiffs are citizens of Texas.

12. SLS is a mortgage servicer organized and existing under the laws of the United States. SLS is a Delaware limited liability company. SLS is wholly-owned by Specialized Loan Servicing Holdings LLC, a company whose ultimate parent is Computershare Limited, a publicly traded company on the Australian stock exchange. The citizenship of SLS's member(s) is Colorado. Further, none of SLS's members are citizens of Texas. There is, therefore, complete diversity of citizenship. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

13. There is complete diversity of citizenship in this case because Plaintiffs are not citizens of the same state as Defendant. 28 U.S.C. §1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

## V.
### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14. The amount-in-controversy threshold is a necessary element that must be met before a federal court can properly exercise diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). The removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceed $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant may satisfy this burden by demonstrating that it is facially apparent from the plaintiff's petition that the claim likely exceeds $75,000, or by setting fort the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

15. It is facially apparent from Plaintiffs' Petition that Plaintiffs' claims exceed the requisite threshold of $75,000. According to the Petition, Plaintiffs seek to recover $250,000 or less. *See* Exh. 2, Plaintiffs' Original Petition, ¶ 8. Further, Plaintiffs' claims involve a dispute over Defendant's secured interest in Plaintiffs' homestead. While the entire amount of the note may not be the amount in controversy, the Fifth Circuit has held that when "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

16. To establish the value of the Property, SLS submits a Declaration of Appraisal District Record. According to Bexar County Appraisal District, the 2022 appraised value of the Property is $160,430 (the "CAD Value"). Affidavit of Appraisal District Record, Exhibit 6. Thus, the amount in controversy satisfies the jurisdictional threshold of $75,000.

## VI.
## CONCLUSION

17. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal to Federal Court is being filed with the County Court at Law No. 10 of Bexar County, Texas. A true and correct copy of said Notice is attached hereto as Exhibit 5.

Respectfully submitted,

By: //s// Branch M. Sheppard
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation
Annarose M. Harding
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com

1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
ATTORNEYS FOR DEFENDANT,
SPECIALIZED LOAN SERVICING LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered via Electronic Filing to the following on May 24, 2022.

*VIA E-FILING*
William M. Clanton
LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Dr.
San Antonio, Texas 78216

                                                //s// Branch M. Sheppard
                                                Branch M. Sheppard