UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER MORALES and MARY HELEN MORALES,<br>*Plaintiffs,*<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br>*Defendant.* | CIVIL ACTION NO. 5:22-cv-00527-XR |

**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant SPECIALIZED LOAN SERVICING LLC ("SLS" or "Defendant"), and files its Answer to Plaintiffs' Amended Complaint filed at Docket No. 9 (the "Complaint") and, in support thereof, would respectfully show this Honorable Court the following:

**I.
INTRODUCTION**

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint to the extent that Plaintiffs allege 15 U.S.C. § 1637 applies to residential mortgage loans.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint and further denies Plaintiffs are entitled to the relief requested in Paragraph 4 of the Complaint.

**II.
JURISDICTION & VENUE**

5. Defendant admits the allegation contained in Paragraph 5 of the Complaint only

1

to the extent that it does not contest subject matter jurisdiction.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint to the extent that it does not contest venue.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint to the extent that it does not contest personal jurisdiction.

### III.
### PARTIES

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint to the extent that the registered agent is not correct.

### IV.
### FACTS

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant can neither admit nor deny the allegations contained in Paragraph 12 of the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

13. Defendant can neither admit nor deny the allegations contained in Paragraph 13 of the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

14. Defendant can neither admit nor deny the allegations contained in Paragraph 14 of the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

15. Defendant can neither admit nor deny the allegations contained in Paragraph 15 of the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant can neither admit nor deny the allegations contained in Paragraph 17 of

the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

18.  Defendant denies the allegations contained in Paragraph 18 of the Complaint to the extent it alleges Defendant has not sent any statements on the second mortgage. Defendant does not know whether Plaintiffs received them.

19.  Defendant can neither admit nor deny the allegations contained in Paragraph 19 of the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

20.  Defendant can neither admit nor deny the allegations contained in Paragraph 20 of the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

21.  Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.  Defendant can neither admit nor deny the allegations contained in Paragraph 22 of the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

23.  Defendant can neither admit nor deny the allegations contained in Paragraph 23 of the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

24.  Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.  Defendant can neither admit nor deny the allegations contained in Paragraph 25 of the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

26.  Defendant denies the allegations contained in Paragraph 26 of the Complaint to the extent it alleges Defendant did not comply with the mortgage transfer disclosures required by 12 C.F.R. § 1026.39.

27.  Defendant can neither admit nor deny the allegations contained in Paragraph 27 of the Complaint based on lack of knowledge; accordingly, Defendant denies the allegations.

28.  Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.  Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of the Complaint to the extent that it does not dispute that 12 C.F.R. § 1026 governs the requirements for periodic statements for residential mortgage loans.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint to the extent Plaintiffs allege Defendant failed to comply with its obligations under TILA and the Note.

*Truth in Lending Act*

37. Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38. Defendant admits the allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

V.
**CAUSES OF ACTION**

*Breach of Contract*

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint to the extent it alleges the mortgage originated in November 2005. Defendant admits 12 C.F.R. § 1024.33 governs disclosure requirements relating to mortgage servicing transfers as alleged in

Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

### *Texas Debt Collection Act*

50. Defendant admits the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant admits the allegations contained in Paragraph 52 of the Complaint.

53. Defendant admits the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. There are no allegations in Paragraph 55 of the Complaint.

    a. Defendant denies the allegation contained in Paragraph 55(a) of the Complaint.

    b. Defendant denies the allegation contained in Paragraph 55(b) of the Complaint.

    c. Defendant denies the allegation contained in Paragraph 55(c) of the Complaint.

    d. Defendant denies the allegation contained in Paragraph 55(d) of the Complaint.

## VI.
## JURY DEMAND

56.     There are no allegations in Paragraph 56 to admit or deny.

## VII.
## PRAYER FOR RELIEF

57.     Defendant denies Plaintiffs are entitled to the relief requested in the Prayer for Relief.

## VIII.
## AFFIRMATIVE DEFENSES

58.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense that Plaintiff's claims are barred, at least in part, by contract.

59.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of justification for at least certain actions Defendant took.

60.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants assert that there were independent or intervening causes of Plaintiffs' damages.

61.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts that their acts were not the producing cause of Plaintiff's damages. Plaintiffs' lawsuit is akin to the case of *Fermin v. Fin. Freedom Senior Funding Corp.*[1] There is a presumption that Defendant is holder in due course and assumed the loan free from all legal and equitable claims by any person to the instrument. There is no evidence to rebut this presumption. Tex. Bus. & Com. Code Ann. 3.302(a)(Vernon 2002); *Max Duncan Family Investments, Ltd. v. NTFN Inc.*, 267 S.W.3d 447, 452 (Tex. App.-Dallas 2008, pet. denied) citing *Williams v. Stansbury*, 649 S.W.2d 293, 295 (Tex. 1983).

---

[1] No. SA-08-CA-958-OLG, 2010 WL 11545066, at *2 (W.D. Tex. May 21, 2010), report and recommendation adopted sub nom. *Fermin v. Fin. Freedom Senior Funding Reverse Mortg. Corp.*, No. SA-08-CA-958-OG, 2010 WL 11545188 (W.D. Tex. June 2, 2010), aff'd sub nom. *Fermin v. Fin. Freedom Senior Funding Corp.*, 413 F. App'x 728 (5th Cir. 2011).

62. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of reliance upon information from other sources pursuant to TEX. BUS. & COM. CODE §17.506(a).

63. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of contributory negligence. Specifically, Plaintiffs' alleged damages, if any, were caused solely, or alternatively, in substantial part, by negligence of others and not this Defendant.

64. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant denies that Plaintiffs are entitled to any recovery from Defendant. However, to the extent any recovery is awarded to Plaintiffs, such recovery must be offset by any amounts received from joint tortfeasors or other defendants according to their proportionate responsibility under the applicable Texas or federal law. Defendant prays for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiffs with any party or non-party in connection with or relating to any matter pertaining to the claim or claims made herein by Plaintiffs. In this regard, Defendant invokes all rights under law, including without limitation, any above-mentioned rights or election of rights provided by §33.014, or otherwise in Chapter 33 of the Texas Civil Practice & Remedies Code, or by any applicable law.

65. If this Court finds that Defendant committed error, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense of *bona fide* error.

66. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant asserts the defense that the economic loss rule applies and bars Plaintiffs from recovery in this litigation.

67. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant is entitled to an offset against Plaintiffs' damages, if any, for the amount due and owing under the subject Note and Security Instrument.

68. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiffs' attorneys' fees are not recoverable from Defendant, nor are they reasonable or necessary.

69. Defendant reserves the right to amend this Answer to assert other and further defenses.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that:

(1) Plaintiffs takes nothing by reason of this suit; and

(2) The Court award such other and further relief, at law or in equity, as is just.

Respectfully submitted,

 //s// Branch M. Sheppard
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing the above and foregoing instrument was delivered via e-service to the following on this 16th day of June, 2022.

***VIA CM/ECF***
William M. Clanton
LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Dr.
San Antonio, Texas 78216

                                                                             //s// Branch M. Sheppard
                                                                               Branch M. Sheppard