IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Christopher Morales and Mary Helen Morales | § § § § | |
| *Plaintiffs*, | § § | Civil Action No: |
| v. | § § | 5:22-cv-00527-XR |
| Specialized Loan Servicing, LLC | § § § | |
| *Defendant*, | § § § | |

Motion to Remand for Lack of Subject Matter Jurisdiction

_____

Introduction

The Constitution confers limited authority on each branch of the Federal Government. A federal court can only exercise jurisdiction over a case or controversy. The party seeking to invoke a federal court's jurisdiction must demonstrate its jurisdiction. Can a removing defendant alleging a plaintiff's case is fictious invoke federal jurisdiction?

Background

1. Plaintiffs filed this case in County Court at Law in Bexar County, Texas.

2. Defendant filed an answer and counterclaim before removing this case to the United States District Court for the Western District of Texas.

3. Plaintiffs filed an amended complaint and answer to Defendant's counterclaim.

Defendant is Burdened with Showing this Court's Jurisdiction

4. Defendant, as the party invoking federal jurisdiction via removal, must show the Court's subject matter jurisdiction.

5. As early as 1936 the Supreme Court plainly stated that the party invoking jurisdiction of a federal court must show the same:

> "They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing."
>
> *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936).

6. This reasoning held up in 1990:

> "And it is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating

> that he is a proper party to invoke judicial resolution of the dispute."

*FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 608 (1990). [internal quotations and citations omitted]

7. And in 1992:

   "The party invoking federal jurisdiction bears the burden of establishing these elements."

   *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136 (1992).

8. This line of reasoning has been reinforced in the 21st century with *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547 (2016) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021) ("As the party invoking federal jurisdiction, the plaintiffs bear the burden of demonstrating that they have standing.)

9. Here, unlike *Ramirez*, Plaintiffs did not seek to invoke this Court's jurisdiction. Defendant invoked it and is tasked with establishing the same.

## Standing Requires a Concrete Injury

10. Standing is a component of subject matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). Without standing the Court cannot exercise jurisdiction and must remand this case.

11. Standing is made up of three elements:

    a. Plaintiff suffered an injury that is concrete, particularized, and actual or imminent;

    b. The injury was likely caused by the defendant; and

    c. The injury would likely be redressed by judicial relief. *Ramirez, supra,* at 2200.

12. The injury-in-fact element further requires a party seeking federal jurisdiction show an "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, *supra*, at 560.

13. Of these elements, the terms "concrete" and "particularized" have been the subject of the Supreme Court's recent analyses. In *Ramirez*, it found that even a statutory violation requires a concrete injury. *Ramirez, supra*, at 2198. A concrete injury must be real, not abstract, but does not have to be tangible. *Spokeo, supra*, at 340-341.

14. The *Ramirez* Court explained in the context of a plaintiff seeking jurisdiction, "A plaintiff always needs a concrete injury to bring suit, and injuries are concrete only if they bear a 'close relationship' to injuries that courts have traditionally recognized as concrete." The Fifth Circuit recently reinforced this view in *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, No. 21-50958, 2022 U.S. App. LEXIS 22649 (5th Cir. 2022)

15. The burden of proving these factors to the court lies with the removing Defendant. If the Defendant is unable, then the Court must remand this case back to state court.

Clarification

16. Plaintiffs do not agree the assertions in Defendant's counterclaim. Plaintiffs have a meritorious case. This motion in no way concedes Defendant's allegations. Plaintiffs hold Defendant to its burden to establish subject matter jurisdiction.

Defendant Pleads Itself Out of Federal Jurisdiction

17. Before attempting to invoke the Court's jurisdiction, Defendant made a counterclaim titled "Frivolous Lawsuit under Texas Law and Reimbursement of Attorneys' Fees and Costs Pursuant to the Note and Deed of Trust."

18. Defendant's counterclaim alleges that Plaintiffs' lawsuit is an "attempt to stop foreclosure without a legitimate basis to sue Defendant," and Plaintiffs' pleadings are "groundless", "brought in bad faith", and other inflammatory allegations.

19. While Defendant does not outright state Plaintiffs "did not suffer an injury", alleging that the Plaintiffs' suit has no basis in fact means "no reasonable person could believe the facts pleaded." *See* Tex. R. Civ. P. 91a.1.

20. Defendant alleges Plaintiffs have no factual or legal basis to bring a lawsuit. Alleging a lack of factual or legal support, Defendant's position is that Plaintiffs are without an injury, concrete or otherwise, that can be redressed by the Court.

21. In *Perez,* MVBA's claim that Perez had not suffered a "concrete injury" in the district court was enough to trigger the Fifth Circuit's analysis that concluded with an instruction for the district court to dismiss for want of jurisdiction. *Perez* at 8.

22. Here, taking Defendant at its word, Plaintiffs' claims are a legal and factual fiction. Per the Defendant, Plaintiffs cannot have suffered an injury—concrete or otherwise—that would likely be redressed by judicial relief. In the face of these claims, more than a mere good-

faith denial of Plaintiffs' allegations, Defendant is unable to establish subject matter jurisdiction.

23. Defendant's counterclaim defeats its removal. Taking Defendant's counterclaim as true, this Federal Court lacks subject matter jurisdiction and must remand this case. 28 U.S.C. § 1447(c).

Conclusion

24. Defendant has the burden of establishing subject matter jurisdiction. By making affirmative counterclaims that Plaintiffs' claims are legal and factual fictions Defendant has not clearly alleged facts invoking this Court's jurisdiction.

25. This Court is without jurisdiction over this case, it must remand this case back to County Court at Law Number 10 for Bexar County, Texas.

Dated: August 24, 2022	Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Phone: (210) 226-0800
Fax: (210) 338-8660
Email: bill@clantonlawoffice.com