IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Christopher Morales and Mary Helen Morales | § § § § | |
| *Plaintiffs*, | § § | Civil Action No: |
| v. | § § | 5:22-cv-00527-XR |
| Specialized Loan Servicing, LLC | § § § | |
| *Defendant*, | § § § | |

Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Remand

_____

1. When a party challenges a court's subject matter jurisdiction, the burden of proof is shouldered by the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

2. Passed the burden to show the Court's subject matter jurisdiction, SLS fumbles: "Plaintiffs' claims against SLS are entirely meritless…" ¶21 of Defendant's response.

3. Huddled so tightly on federal question jurisdiction, SLS's response lands short. It complains that a motion to remand for lack of *subject matter jurisdiction* "does not dispute the existence of a *federal question*." ¶6 of Defendant's response.

4. Amended complaint or not, why should it Plaintiff address the existence of a federal question? As *Perez* makes clear even with a federal question, a party asserting jurisdiction in federal court must have standing. *Perez v. McCreary, Veselka, Bragg & Allen, P.C.,* No. 21-50958, 2022 U.S. App. LEXIS 22649 (5th Cir. 2022).

5. Seeking jurisdiction in federal court with the positions that Plaintiff claims are fictional[1] and now meritless[2] SLS is so far out of bounds as to concede the lack of standing.

Conclusion

6. Standing is an essential element of subject matter jurisdiction. SLS's response falls short of its goal of showing this Court's jurisdiction. Lacking subject matter jurisdiction, the Court must remand.

Dated: September 9, 2022        Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com

---

[1] Defendant's Original Answer to Plaintiffs' Original Petition and Counterclaim Against Plaintiffs [Docket No. 2, Pages 29-33]
[2] Defendant's Response in Opposition to Plaintiff's Motion to Remand [Docket No. 22]