**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| CHRISTOPHER MORALES and MARY HELEN MORALES,<br>    *Plaintiffs,* | |
| v. | CIVIL ACTION NO. 5:22-cv-00527-XR |
| SPECIALIZED LOAN SERVICING, LLC,<br>    *Defendant.* | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND**
**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant SPECIALIZED LOAN SERVICING LLC ("SLS" or "Defendant"), and files this Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 against Plaintiffs Christopher Morales and Mary Helen Morales ("Plaintiffs") and, in support hereof, show the Court as follows:

## I.
## INTRODUCTION

1.      This case is simple. Plaintiffs defaulted under the terms of the Note by failing to remit monthly installments as they came due. Upon the borrower's default, Defendants exercised the option to accelerate the maturity of the debt and proceed with foreclosure. This lawsuit is merely Plaintiffs' attempt to thwart Defendant's contractual right to collect interest under the second (junior) lien mortgage and otherwise needlessly increase the cost of litigation.

2.      On or about April 26, 2022, Plaintiffs filed suit against Defendant in state court. On May 24, 2022, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1446, 1331, and 1332.

1

3.     Plaintiffs filed this lawsuit against Defendants alleging causes of action for (i) violation of the Truth in Lending Act ("TILA"); (ii) breach of contract; and (iii) violation of Texas Debt Collection Act ("TDCA"). There are no genuine issues of material fact. Plaintiffs' claims and causes of action fail as a matter of fact and law. Defendant is entitled to recover attorneys' fees and costs pursuant to its pending Counterclaim against Plaintiffs and as authorized by the Deed of Trust. The Court must grant summary judgment for Defendant.

## II.
## SUMMARY JUDGMENT EVIDENCE

4.     In support of its Motion for Summary Judgment, Defendant attaches Exhibits "A" through "N," inclusive, and incorporate all of them into this Motion by reference.

|  |  |
|---|---|
| Exhibit "A" | Note |
| Exhibit "B" | Deed of Trust |
| Exhibit "C" | Assignment to U.S. Bank |
| Exhibit "D" | Service Transfer to BAC Home Loans Servicing, LP |
| Exhibit "E" | Service Transfer to Carrington Mortgage Services, LLC |
| Exhibit "F" | Service Transfer to SLS |
| Exhibit "G" | Monthly Statements |
| Exhibit "H" | Notice of Default and Intent to Accelerate |
| Exhibit "I" | Notice of Sale Served on Plaintiffs |
| Exhibit "J" | Notice of Sale Posted in Bexar County, Texas |
| Exhibit "K" | Substitute Trustee's Deed |
| Exhibit "L" | Declaration in Support of Summary Judgment |
| Exhibit "M" | Business Records Affidavit |

Exhibit "N"      Affidavit in Support of Attorneys' Fees and Costs

## III.
## FACTUAL BACKGROUND

5.      This lawsuit involves the real property located at 2938 Jasper Street, San Antonio, Texas 78223 (the "Property"), being more particularly described as follows:

> LOT 10, BLOCK 2, NEW CITY BLOCK 12756, UPSON HEIGHTS, UNIT 2, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN VOLUME 3975, PAGE(S) 36, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

6.      On or about March 29, 2007, Plaintiffs executed a Fixed Rate Note with a principal amount of $20,571 payable to the order of First Franklin Financial Corp. (hereinafter "Note").[1] Contemporaneously with execution of the Note, Plaintiffs executed a Deed of Trust – Secondary Lien (hereinafter "Deed of Trust"), granting a lien on the Property in favor of First Franklin Financial Corp.[2]

7.      On December 15, 2021, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Franklin Financial Corp. assigned the Deed of Trust to **FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FFC, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, N.A., AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE. ("U.S. Bank").**[3] On September 11, 2015, SLS began servicing the loan for U.S. Bank.  Neither SLS nor U.S. Bank have an interest in the first lien mortgage relating to the Property.

---

[1] **Exhibit A**, Note.
[2] **Exhibit B**, Deed of Trust.
[3] **Exhibit C**, Assignment.

3

8.      Forget for a moment that the second lien Deed of Trust is recorded in the Bexar County Real Property Records thereby putting Plaintiffs on record notice.  It otherwise defies logic for Plaintiffs to claim they were completely unaware of the second lien mortgage until the summer of 2021. On September 15, 2010, BAC Home Loans Servicing, LP sent Plaintiffs notice that servicing of the loan was transferred from First Franklin Loan Services.[4]  On May 25, 2011, Carrington Mortgage Services, LLC sent Plaintiffs notice that servicing of the loan was transferred from BAC Home Loans Servicing LP.[5]  Finally, on September 17, 2015, SLS sent Plaintiffs notice that servicing of the loan was transferred from Carrington Mortgage Services, LLC.[6] SLS has been servicing the loan at all relevant times effective September 11, 2015.

9.      In addition to the notice of servicing transfers, SLS sent monthly statements to Plaintiffs at the property address for each billing cycle from the time SLS began servicing the loan in September, 2015.[7]  Under the terms of the Deed of Trust, it is Plaintiffs' responsibility to notify the lender of any change of address.[8] Since Plaintiffs never informed the lender of any change of address, all notices were sent to the property address in compliance with the Deed of Trust.

10.      According to public records and in retrospect, it appears Plaintiffs may have moved to Chandler, Arizona sometime in 2018.  Plaintiffs, however, failed to update SLS's records with any change of address.  Beginning in March, 2019, the United States Postal Service ("USPS") began "returning to sender" SLS's correspondence, namely monthly statements sent to Plaintiffs at the property address.[9] After receiving from USPS multiple pieces of returned mail

---

[4] **Exhibit D**, Service Transfer to BAC Home Loans Servicing, LP.
[5] **Exhibit E**, Servicing Transfer to Carrington Mortgage Services, LLC.
[6] **Exhibit F**, Servicing Transfer to SLS.
[7] **Exhibit G**, Monthly Statements.
[8] Ex. B, ¶ 13 ("The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notice Lender of Borrower's change of address.").
[9] **Exhibit L**, Declaration in Support of Summary Judgment.

marked as having an "insufficient address," SLS flagged Plaintiffs' account for having a bad address. From July, 2019, through August, 2021, SLS generated monthly statements but did not send monthly statements in the physical mail due to having a bad address for Plaintiffs.[10]   In July, 2021, Plaintiffs contacted SLS and confirmed the property address as the correct mailing address.  Thus, SLS resumed monthly statements beginning September, 2021.

11.      Plaintiffs defaulted under the terms of the Note by failing to remit monthly payments as they came due.  The loan is contractually due for the April 1, **2010** payment and all subsequent payments due thereafter. On November 29, 2019, SLS sent Plaintiffs a Notice of Default and Notice of Intent to Accelerate via U.S. certified mail, return receipt requested, to the property address.[11]

12.      On April 1, 2022, the Note matured.[12] Plaintiffs failed to pay the matured indebtedness. On July 1, 2022, SLS, through foreclosure counsel, sent Notice of Trustee's Sale to Plaintiffs via U.S. certified mail, return receipt requested, to the Property Address.[13]   On July 7, 2022, SLS posted the Property for the August 2, 2022 foreclosure sale in Bexar County, Texas in accordance with Tex. Prop. Code § 51.002(b).[14] Plaintiffs failed to seek injunctive relief or otherwise timely pay the matured indebtedness to prevent the foreclosure. On August 2, 2022, U.S. Bank foreclosed its second (junior) lien and acquired title to the Property through its credit bid of $47,279.66.[15]

13.      Plaintiffs' claims and causes of action fail as a matter of law. This Court should dismiss Plaintiffs' claims against Defendants with prejudice, or alternatively, grant summary judgment for the reasons stated herein.

---

[10] Ex. G, p. 93 – 148.
[11] **Exhibit H**, Notice of Default.
[12] Ex. A.
[13] **Exhibit I**, Served Notice of Trustee's Sale.
[14] **Exhibit J**, Posted Notice of Trustee's Sale.
[15] **Exhibit K**, Substitute Trustee's Deed.

# IV.
## STANDARD OF REVIEW

### A.     12(b)(6) STANDARD

14.     A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) admits the facts alleged in the complaint but challenges Plaintiff's right to any relief based on those facts.[16]  For purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."[17]  A defendant may raise a 12(b)(6) defense at any time up to and including, but not beyond, trial on the merits.[18]

15.     A Motion to Dismiss pursuant to 12(b)(6) is appropriate only if a plaintiff has not provided fair notice of her claims and factual allegations that, when accepted as true, are plausible and rise above mere speculation.[19]  Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion.[20]  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[21]  Facts subject to judicial notice may be considered for the purposes of a Rule 12(b)(6) motion.[22]

### B.     SUMMARY JUDGMENT STANDARD

16.     Summary judgment is proper in any case where there is no genuine issue of material fact.[23]  A fact is "material" if its resolution in favor of one party might affect the

---

[16] *Crowe v.* Henry, 43 F.3d 198, 203 (5th Cir. 1995).
[17] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).
[18] Fed. R. Civ. P. 12(h); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006).
[19] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6 (2007).
[20] *Id.*; *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[21] *Ashcroft* at 1949.
[22] *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1388 (9th Cir. 1987).
[23] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

outcome of the suit under governing law.[24]  "Factual disputes that are irrelevant or unnecessary will not be counted."[25]  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party.[26]

17.     If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted.[27]

18.     Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the…court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial."[28]

19.     A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (i) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (ii) showing there is no evidence to support an essential element of plaintiff's claim.[29]

## V.
## ARGUMENT AND AUTHORITIES

### A.     PLAINTIFFS' TILA CLAIM IS BARRED BY LIMITATIONS.

20.     A consumer action under TILA must be brought "within one year from the date of the occurrence of the violation."[30]  In the Fifth Circuit, the phrase "occurrence of the violation" is interpreted to mean "consummation of the transaction."[31] More specifically, a TILA violation occurs at the time a consumer becomes contractually obligated on a credit transaction, which is

---

[24] *Id*.
[25] *Id*. at 248.
[26] *Id.*
[27] *Id.* at 249-50; *Shields v. Twiss,* 389 F.3d 142, 149-50 (5th Cir. 2004).
[28] *Matsushita Elec. Ind. Co. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163 (5th Cir. 2006).
[29] *Celotex Corp.,* 477 U.S. at 322-25, 106 S.Ct. at 2552-54; *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245, 1251 (1st Cir. 1996).
[30] 15 U.S.C. § 1640(e).
[31] *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986); *Bourgeois v. Haynes Const. Co.*, 728 F.2d 719, 720 (5th Cir. 1984).

determined by the applicable state law.[32] Federal courts, both in the Fifth Circuit as well as in many other jurisdictions, consistently deny recovery under TILA when the plaintiff filed suit over a year after the transaction was executed.[33]

21.     Plaintiffs allege that from the very beginning of the mortgage in 2007, they never received monthly statements (which in and of itself is incomprehensible).  Plaintiffs further allege that from the time SLS began servicing the mortgage in 2015, SLS failed to send periodic statements which Plaintiffs allege gives rise to a claim under TILA.  Even if this was true, which it is not, Plaintiffs executed the Note and Deed of Trust on March 29, **2007**,and TILA only applies to loan transactions at origination.  Even if TILA applied post-origination, Plaintiffs' allegation of not receiving monthly statements would have accrued in 2015, when Plaintiffs allege SLS did not send monthly statements.  Here, Plaintiffs filed suit April 26, 2022, more than one year after the alleged occurrence of the alleged violation.

22.     In an apparent effort to overcome the limitations bar, Plaintiffs allege that Defendant has continuously failed to send Plaintiffs monthly mortgage statements since the time SLS began servicing the loan on September 15, 2015. However, Fifth Circuit precedent is clear that "nondisclosure is not a continuing violation for purposes of the statute of limitations."[34]

23.     The applicable one-year statute of limitations bars Plaintiffs' claim that SLS failed to provide periodic monthly billing statements as required by TILA.[35]  The Court should enter summary judgment on these grounds.

---

[32] 12 C.F.R. § 226.2(a)(13); *Bourgeois*, 728 F.2d at 720.

[33] *See Bittinger v. Wells Fargo Bank, N.A.*, 744 F.Supp.2d 619, 628 (S.D. Tex. Oct. 8, 2010); *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 186 (S.D. Tex. 2007), *aff'd* 269 Fed. Appx. 523 (5th Cir. 2008) (citing *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984)

[34] *Moor*, 784 F.2d at 633 (quoting *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984)); *see also Wachtel v. West*, 476 F.2d 1062, 1065-66 (6th Cir. 1973).

[35] *See Hibbs v. Wells Fargo Bank, N.A.*, 2018 WL 3245050, at *5 (M.D. Louisiana July 3, 2018) (dismissing plaintiff's TILA claims in part based on allegation that creditor continuously failed to furnish monthly statements since 2011 but failing to file suit until 2017).

**B.    PLAINTIFFS' TILA CLAIM FAILS BECAUSE THERE ARE NO DAMAGES AND BECAUSE SLS SENT PERIODIC STATEMENTS.**

24.    Plaintiffs' claims are primarily based on the allegation that Defendant failed to send periodic statements for Plaintiffs' mortgage loan. Plaintiffs' TILA claim fails as a matter of law because Plaintiffs have not alleged – much less shown evidence of – any actual damages from the purported violation.   Even if Plaintiffs properly alleged damages, the summary judgment proves SLS sent Plaintiffs periodic statements for Plaintiffs' mortgage loan.[36]

25.    TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers."[37] Under Regulation Z of TILA, a mortgage loan servicer must send the borrower periodic statements for each billing cycle.[38]  The statements must include, in part, the amount due, a breakdown of total fees or charges imposed, recent transaction activities, relevant contact information, and certain information regarding the account, partial payments, and any delinquencies.[39]

26.    To sufficiently state a TILA claim, Plaintiffs must allege actual damages arising from the purported violation.[40]  Plaintiffs have no evidence of damages allegedly sustained as a result of the purported failure to provide a monthly billing statement under 12 C.F.R. § 1026.41. Despite their unscrupulous attempt to the contrary, Plaintiffs cannot provide any authority that

---

[36] Ex. G.
[37] *Schieroni v. Deutsche Bank Nat. Trust Co.*, No. H-10-663, 2011 WL 3652194, at *3 (S.D. Tex. Aug. 18, 2011) (citations omitted); *see also* 15 U.S.C. § 1601.
[38] *See* 15 U.S.C. § 1638(f); 12 C.F.R. § 1026.41(a).
[39] *See* 12 § C.F.R. 1026.41(c)-(d); 15 U.S.C. § 1638(f) (identifying items to include in the periodic statements for residential mortgage loans as the outstanding loan balance, the interest rate, any prepayment fee to be charged, a description of any late payment fees, and the telephone number and email address to obtain information regarding the loan).
[40] *See, e.g., Jameel v. Flagstar Bank, FSB*, No. H-12-1510, 2012 WL 5384177, at *8 (S.D. Tex. Nov. 2, 2012) (citing 15 U.S.C. § 1640(a)(1) and stating that a "plaintiff must allege sufficient damages in order to state a claim" under TILA as well as detrimental reliance); *see also Borowiec v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 2940489, at *3 (D. Haw. Jul. 19, 2011) (holding that TILA claim was not stated where plaintiff did not adequately show that damages resulted from lender's failure to comply with TILA); *Beall v. Quality Loan Serv. Corp.*, 2011 WL 1044148, at *6 (S.D. Cal. Mar. 21, 2011) (same) (dismissing TILA claim where "Plaintiff [failed to allege] any actual damages . . . .").

stands for the proposition that the failure to provide monthly billing statements under TILA absolves the borrowers from remitting monthly payments due under the Note and Deed of Trust or somehow affects SLS's ability to collect interest.[41]  Plaintiffs simply cannot feign ignorance of their financial obligations under the Note and Deed of Trust and not remit payments for over **TWELVE** years.

27.     Despite Plaintiffs' failure to adequately allege damages as a result of the purported failure to send periodic statements in violation of TILA, Plaintiffs' TILA claim nonetheless fails. The summary judgment evidence conclusively establishes that SLS DID send Plaintiffs monthly mortgage statements.[42]  It is inconceivable that Plaintiffs NEVER received a monthly statements from SLS and prior servicers of the second (junior) mortgage, but, regardless, the mailbox rule applies as well.  SLS cannot control the USPS and has no obligation to confirm that Plaintiffs received their mail.  The Court should enter summary judgment on these grounds.

### C.     PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS BECAUSE PLAINTIFFS CANNOT SATISFY ALL ELEMENTS OF A BREACH OF CONTRACT CLAIM.

28.     In order to prevail on the claim for breach of contract, Plaintiffs must prove (i) the existence of a valid contract, (ii) *performance or tendered performance by Plaintiffs*, (iii) breach of the contract by Defendant, and (iv) damages sustained as a result of the breach.[43] Plaintiffs cannot establish the second element of a breach of contract claim, namely, performance

---

[41] *See Turner v. AmericaHomeKey, Inc.*, Civil Action No. 3:11-CV-0860-D, 2011 WL 3606688, at *3 (N.D. Tex. 2011) ("[Plaintiff] has not alleged how defendants'' failure to disclose documents caused or related to his performance of his obligations under the mortgage or the ultimate loan foreclosure.").

[42] Ex. G.

[43] *Winchek v. American Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (emphasis added).

or tendered performance.[44]  It has long been held that "[a] party to a contract who is himself in default cannot maintain a suit for its breach."[45]

29.     In *Mitchell*, the plaintiffs admittedly defaulted on their mortgage, and their lender initiated foreclosure proceedings.[46]  The Court found that (i) Mitchell could not maintain a private cause of action for alleged HUD violations and (ii) Mitchell's breach of contract "is merely a restatement of [the] claims for violations of the HUD regulations incorporated into the Deed of Trust."[47]  Because Mitchell defaulted first, he could not bring an action for the lender's subsequent alleged breach.[48]

30.     In *Hill*, the plaintiff admitted that she defaulted on mortgage payments before Wells Fargo initiated foreclosure proceedings.[49]  Hill experienced financial hardship, and it was difficult for Hill to remit mortgage payments.[50]  Hill failed to perform her own obligations under the Note and Deed of Trust.[51]  The Court found that Hill could not maintain a breach of contract claim based on Wells Fargo's alleged failure to comply with HUD regulations prior to accelerating the indebtedness and foreclosing on the Property.[52]  The Court dismissed Hill's breach of contract claim finding that "[b]ecause [the plaintiff] admits that she failed to perform her own obligations under the Note and Deed of Trust, she is precluded from bringing a breach of contract action for [the defendant's] subsequent alleged failure to comply with HUD

---

[44] *Moe v. Option One Mortg. Corp.*, 2009 WL 136892, at *3 (Tex. App.-Houston [14 Dist.] 2009, no pet.) (holding that a mortgagor who failed to make payments and maintain insurance "did not perform or tender performance, but instead breached the contract").

[45] *Kaechler v. Bank of Am.*, 2013 WL 127555, at *3 (S. D. Tex. Jan. 9, 2013) (Ellison, J.) (quoting *Re/Max of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999)); *accord Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. 1940).

[46] *Mitchell v. Chase Home Finance*, 2008 WL 623395, *3-4 (N.D. Tex. 2008).

[47] *Id.*

[48] *Id.*

[49] *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, *6 (S.D. Tex. 2012) (J. Rainey).

[50] *Id.*

[51] *Id.*

[52] *Id.*

regulations prior to accelerating the Note."[53]

31.     In this case, Plaintiffs do not dispute and the summary judgment evidence conclusively establishes that Plaintiffs were in default under the Note by (i) failing to pay monthly installments as they became due and (ii) failing to pay the matured indebtedness in accordance with the terms of the Note.  There are no genuine issues of material fact with respect to the status of Plaintiffs' mortgage before Defendant's alleged breach.  Here, like the plaintiffs in *Hill* and *Mitchell*, Plaintiffs failed to abide by the terms of the mortgage before SLS allegedly breached the terms of the Note and Deed of Trust.  Plaintiffs, not SLS, failed to comply with the terms of the Note and Deed of Trust, resulting in SLS electing to pursue its power of sale remedy.  The Court must grant summary judgment for SLS on these grounds.

32.     Plaintiffs unscrupulously claim their performance was somehow excused based on an unidentified, unsupported, and self-serving allegation that Plaintiffs believed their second mortgage was "combined" with their first mortgage. **Alleged statements concerning modification of the loan documents are unenforceable under the statute of frauds.**  Because the loan documents are subject to the statute of frauds, any alleged oral representations by any PRIOR mortgage servicer that the loan was "combined" are also subject to the statute of frauds.[54]

33.     "Generally, if a contract falls within the statute of frauds, a party cannot enforce any subsequent oral material modification to the contract."[55]   A modification is deemed "material" if it alters the character or value of the underlying agreement.[56]   The reason for this rule is that when such an alteration is made, "part of the contract has to be proven by parol evidence, and the contract is thus exposed to all the evils which the statute was intended to

---

[53] *Id.*
[54] *In re Harris*, 2011 WL 2708691, *3-4 (Bankr. S.D. Tex. 2011).
[55] *SP Terrace, L.P. v. Meritage Homes of Texas, LLC*, 334 S.W.3d 275, 282-83 (Tex. App.-Houston [1st Dist.] 2010, no pet.) (*citing Dracopoulas v. Rachal*, 411 S.W.2d 719, 721 (Tex. 1967)).
[56] *American Garment Properties, Inc. v. CB Richard Ellis – El Paso, L.L.C.*, 155 S.W.3d 431, 437 (Tex. App.—El Paso 2004, no pet.).

remedy."[57]

34.     *In re Harris* involves a factual scenario similar to the present.  Harris defaulted on her mortgage note, and her home was scheduled for foreclosure on September 7, 2010.[58]  Harris sought a loan modification and postponement of a scheduled foreclosure sale.[59]  On September 6, 2010, Harris purportedly contacted Wells Fargo and was told that the foreclosure sale scheduled for the following day would be cancelled pending approval of the loan modification.[60] Contrary to this purported representation, Wells Fargo did not cancel the foreclosure sale and foreclosed on the property.[61]  Harris filed suit alleging, among other things, that Wells Fargo breached a purported oral forbearance agreement.[62]  The court specifically concluded that an oral forbearance agreement between Wells Fargo and Harris was unenforceable under the statute of frauds.[63]

35.     *Ellen v. F.H. Partners, LLC* also involves issues similar to those presently before the Court.  Ellen borrowed $588,758.29 for the purchase of real property.[64]  Attendant to this transaction, Ellen executed a note and deed of trust.[65]  Included in the loan documents was a "Notice of Invalidity of Oral Agreements" provision which stated: "This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties."[66]  The loan documents at issue in this case contain a nearly identical provision.[67]

---

[57] *Dracopoulas*, 411 S.W.2d at 721.
[58] *Harris*, 2011 WL 2708691, *1 (Bankr. S.D. Tex. 2011).
[59] *Id*.
[60] *Id*.
[61] *Id*. at *2.
[62] *Id*.
[63] *Id*. at *3-4.
[64] *Ellen v. F.H. Partners, LLC*, 2010 WL 4909973, *1 (Tex. App.-Austin 2010, no pet. hist.) (memorandum opinion).
[65] *Id*.
[66] *Id*. at *1, 5.
[67] *See* Ex. A, p. 2.

36.    Ellen subsequently defaulted on the loan by failing to make the payments required by the loan agreement and, after Ellen failed to cure the default, the lender foreclosed.[68]   Ellen then filed suit.  Among other claims, Ellen asserted a claim for promissory estoppel, alleging that a loan officer orally promised Ellen that the lender would not declare a default or foreclose on the property until January, 2009, so as to allow Ellen an opportunity to refinance or sell the property.[69]

37.    The trial court entered summary judgment in the lender's favor.  It determined that Section 26.02 of the Texas Business and Commerce Code, as well as the terms of the loan documents, prohibited subsequent oral modifications of the loan agreement.[70]   The Court of Appeals affirmed the judgment in the lender's favor.  The appellate court noted that the written loan documents expressly prohibited oral modifications to the loan agreement and even if they did not, Section 26.02 of the Texas Business and Commerce Code prohibited the enforcement of an oral modification to a loan agreement which was subject to the statute of frauds.[71]

38.    In this case, Plaintiffs baselessly alleges that Nationstar Mortgage Holdings, Inc., the servicer for Plaintiffs' *first* lien mortgage, informed Plaintiffs "that they no longer needed to make two payments; Nationstar had rolled their two mortgages into one."[72]   These alleged **oral** statements that Plaintiffs seek to enforce in this case are similar to those which were held unenforceable under the statute of frauds in *Harris* and *Ellen*.  The alleged oral statements are unenforceable under the statute of frauds.

---

[68] *See Ellen*, 2010 WL at *1.
[69] *Id*.
[70] *Id*. at *1-2.
[71] *Id*. at *5-6.
[72] *See* Pltfs' Amd. Complaint, ¶ 16.

39.     Aside from Plaintiffs having no legal grounds to sue under TILA, the summary judgment evidence conclusively establishes that SLS sent monthly statements.[73]   The Court should grant summary judgment for Defendants on these grounds.

### D.     SLS DID NOT VIOLATE THE TEXAS DEBT COLLECTION ACT.

40.     Plaintiffs baselessly claim SLS violated numerous provisions of the TDCA by allegedly adding interest and other, unspecified sums that are not allowed under the law. Plaintiffs' allegations are meritless, conclusory, and fail as a matter of law.

41.     In order to constitute a "misrepresentation of the debt," SLS must have made an affirmative statement that was <u>false or misleading</u>.[74]   That is certainly not the case here.   SLS misrepresented nothing.   Despite Plaintiffs' conclusory allegations to the contrary, SLS did not misrepresent the character, extent, or amount of Plaintiffs' debt.   In fact, Plaintiffs admit they have not remitted a payment in over a decade.   They have no evidence whatsoever that the debt SLS seeks is inaccurate.

42.     Plaintiffs further claim SLS violated the TDCA by "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation that were not authorized or legally chargeable" in violation of Tex. Fin. Code § 392.303(a)(2).   According to Plaintiffs, SLS is not entitled to accrue interest on the balance of the mortgage due to the alleged failure to mail periodic statements pursuant to 12 C.F.R. § 1026.41(e)(6)(ii)(B). This section of Regulation Z, however, relates to charged-off loans and has absolutely no relevance to Plaintiffs' loan. Rather, 12 C.F.R. § 1026.41(e)(6)(ii)(B) states that a servicer may not retroactively assess fees or interest on an account for the period of time during which the servicer has charged off the loan.

---

[73] *See* Exhibits G and L.
[74] *Narvaez v. Wilshire Credit Corp.*, 757 F.Supp.2d 621, 632 (N.D. Tex. 2010) (Lynn, J.) (citing *Reynolds v. SW. Bell Tel., L.P.*, No. 2-05356-CV, 2006 WL 1791606, at *7 (Tex. App.—Ft. Worth June 29, 2006, pet. denied); *see also Bellaish v. Chase Home Fin., LLC*, No. H-10-2791, 2011 WL 4902958, at *2 (S.D. Tex. 2011) (Atlas, J.).

There is no evidence that Plaintiffs' mortgage loan was ever in charge-off status, and Plaintiffs' recitation of this provision of Regulation Z is inapplicable.

43.     All of the fees and charges included in Plaintiffs' loan balance are valid interest, fees, and charges assessed to the loan. SLS was contractually entitled via the Note and Deed of Trust (Exhibits A and B) to collect such fees and charges on the loan before foreclosing. Plaintiffs' allegations are conclusory at best and cannot support a cause of action for violation of the TDCA. "Merely stating Defendant violated the TDCA, without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law."[75] Further, none of Plaintiffs' allegations constitute "more than a scintilla of evidence of misrepresentations or unfair or unconscionable means" to support a claim under the TDCA.[76]

44.     Plaintiffs likewise ignore the exceptions under paragraph (b) of Section 392.301. Paragraph (b) states:

> "(b) Subsection (a) does not prevent a debt collector from: … (3) exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings."

45.     In *Cole v. U.S. Bank Nat. Ass'n ND*, 2011 WL 3651029, *1 (S.D. Tex. 2011), Judge Gray Miller dismissed Cole's claim that the bank violated Tex. Fin. Code §392.301(a)(8) by threatening foreclosure. The Court found that "threats of foreclosure are … expressly permitted under the [TDCA]" (emphasis added).

46.     In this case, the Deed of Trust specifically authorizes the Lender to foreclose on the Property.[77] Plaintiffs' claim is that SLS threatened to exercise its contractual right to conduct a non-judicial foreclosure. Pursuant to §392.301(b)(3), such a threat is ***not*** actionable under the

---

[75] *Franklin v. BAC Home Loans Servicing, L.P.*, 2011 WL 248445, at *3 (N.D. Tex. 2011).
[76] *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).
[77] Ex. (DOT), cite to paragraph allowing foreclosure

Texas Debt Collection Act.  Based on the facts alleged, Plaintiffs have no claim against SLS for violations of the TDCA.

47.      Section 392.304(a)(8) of the Texas Finance Code prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt."  These allegations are identical to the allegations in *May*.  The *May* Court found that in order to constitute a misrepresentation, Defendant must have made an affirmative statement that is false or misleading.[78]   Like the Mays, Plaintiffs identify no affirmative statements.  Rather, they merely allege that SLS violated the TDCA for vague reasons.[79]  Just like *May*, the allegations in this case are not affirmative statements to Plaintiffs that were false or misleading.

48.      For the same reasons cited in *May* and hereinabove, Plaintiffs' allegations do not create an issue of fact.  Plaintiffs' vague allegations do not support a claim under these sections of the Texas Finance Code.

49.      Plaintiffs do not explain how any alleged violation proximately caused Plaintiffs' harm.  In fact, the opposite is true.  Plaintiffs admit they owed money to Defendant.

50.      Plaintiffs' allegations in the Amended Complaint are conclusory and unsubstantiated at best.  Plaintiffs have no evidence that suggests that SLS violated the TDCA.  SLS had authority to collect the debt and foreclose under the terms of the Note and Deed of Trust.

51.      None of Plaintiffs' causes of action are adequately, specifically, or properly pled.  Plaintiffs' Complaint should give SLS fair notice of the essence of Plaintiffs' claim.[80]  Plaintiffs' Complaint fails to do so.  Instead, it makes conclusory allegations and alleges unsupported facts.  Conclusory allegations of law, inferences unsupported by facts, or a

---

[78] *See May* at *6.
[79] *Id.*
[80] *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).

formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion.[81]   The

Court should dismiss Plaintiffs' claims with prejudice or grant summary judgment for Plaintiff

on these grounds.

**E.   PLAINTIFFS' OWN ADMISSIONS VITIATE THEIR CLAIMS AGAINST DEFENDANT.**

52.   On July 8, 2022, SLS served Requests for Admission on Plaintiffs.   Plaintiffs'

admissions vitiate their claims against SLS.   As set forth in their Responses to Requests for

Admission, Plaintiffs admit:[82]

a.   Plaintiffs signed the Note and Deed of Trust. (Admission Nos. 1 and 10).

b.   Plaintiffs have not entered into any written loan modification relating to the Note (Admission No. 5).

c.   Plaintiffs have not made any payments in accordance with the terms of the Note since March 1, 2010 (Admission Nos. 6).

53.   Plaintiffs' admissions establish there is no genuine issue of material fact.

Plaintiffs executed the Note and Deed of Trust. Plaintiffs have not entered into any written loan

modification altering the terms of the Note.   Any alleged oral statements from a servicer that

services an entirely different loan are not enforceable under the statute of frauds. Plaintiffs

defaulted under the terms of the Note and Deed of Trust by failing to pay monthly installments

as they came due and by failing to pay the entire debt upon maturity.   Despite requisite notice of

the default, Plaintiffs did not cure the default or satisfy the loan in full.

---

[81] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6 (2007); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[82] **Exhibit M**, Business Records Affidavit.

54.     There is no evidence that Plaintiffs can provide that can change the facts and documentary evidence in the record.  Plaintiffs' claims fail as a matter of fact and law.  The Court must grant full and final summary judgment for SLS on these grounds.

## VI.
## REQUEST FOR ATTORNEYS' FEES AND COSTS

55.     Section 8 of the Deed of Trust provides that the Lender shall be entitled to collect all fees and expenses incurred in pursuing the remedies provided therein including, but not limited to, reasonable attorneys' fees and costs.[83]   The Deed of Trust further provides that expenses, including attorneys' fees, incurred by Defendant in protecting its rights in the Property and/or under the Deed of Trust become additional debt of the Borrower.[84]  The Deed of Trust thus allows the lender to recover its reasonable attorneys' fees and costs incurred in defending this lawsuit.[85]

56.     The Fifth Circuit holds that similar language in loan documents entitles a lender to recover attorneys' fees "reasonably and appropriately incurred" in protecting its rights under a Deed of Trust.[86]   In this case, the parties have an enforceable contract permitting Defendants to recover attorneys' fees and costs in this civil action.   The party seeking attorneys' fees is required to document the time spent and services performed.[87]

57.     "Where counsel requests compensation at his normal billing rate and that rate is shown to be within the range of market rates for attorneys of similar skill and experience, the burden is on the opposing party to show that a lower rate should be used."[88]

---

[83] Ex. B, ¶ 8.
[84] *Id*.
[85] *Id*.
[86] *In re Velazquez*, 660 F.3d 893, 899-900 (5th Cir. 2011).
[87] *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1941 (1983).
[88] *United States v. Cornerstone Wealtlz Corp., Inc.*, No. 3-98-CV-0601-D, 2006 U.S. Dist. LEXIS 36077, 2006 WL 1524592 at *2 (N.D. Tex. June 2, 2006), citing *Islamic Center of Miss., Inc. v. City of Starkville*, 876 F.2d 465,

58.     In light of these provisions of the Deed of Trust and applicable law, there is an enforceable contract that permits the recovery of attorneys' fees. Plaintiffs' claims against Defendant are legally and factually frivolous. Defendant is entitled to reimbursement of its reasonable and necessary attorneys' fees and costs.[89]

59.     In *Perri*, the Court, found that "the terms of the contract, not statute, control the outcome of the issue."[90]   The *Perri* Court found that "by signing the deed of trust and promissory note, the parties agreed that [d]efendant could recover the reasonable attorneys' fees necessarily expended in protecting its interest under those instruments."[91]

60.     Plaintiffs' claims against Defendant lack merit.   The claims are not well-researched. All claims fail as a matter of law.  Plaintiffs' claims are frivolous and brought only for the purpose of delay.  Defendant is entitled to the recovery of reasonable and necessary attorney's fees and costs as a matter of law.

61.     Plaintiffs' and their attorney's pleadings in this matter violate TEX. CIV. PRAC. & REM. CODE §§9.011 *et seq*. and §§10.001 *et seq*. because the pleadings are (i) groundless and brought in bad faith; (ii) groundless and brought for the purpose of harassment; or (iii) groundless and interposed for an improper purpose, such as to cause unnecessary delay or

---

469 (5th Cir. 1989); *see also Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993)(court must articulate reasons for rejecting normal billing rate).

[89] *Cardenas v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-02916, Docket No. 18, Memorandum and Order, pages 11-15, Southern District of Texas (J. Hanks); *Fashakin v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-00599, Docket No. 65, Order Granting Summary Judgment, pages 23-24, Southern District of Texas (J. Gilmore); *Perri v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-04018 [Docket No. 53]; (S.D. Tex. April 17, 2013, J. Milloy); *May v. Wells Fargo Bank, N.A., et al.*, Civil Action No. 4:11-cv-03516 [Docket No. 76] (S.D. Tex. August 29, 2013) (J. Atlas); *Khan v. Wells Fargo Bank, N.A.*, Civil Action No. 4:12-cv-01116 (S.D. Tex. February 26, 2014) (J. Atlas).

[90] *Id.* (citing *Mohican Oil & Gas, LLC v. Scorpion*, 337 S.W.3d 310, 321 (Tex. App.-Corpus Christi 2011, pet. denied), *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 417-18 (Tex. App.-Corpus Christi 2001, pet. denied)).

[91] *See Khan v. Wells Fargo Bank, N.A.*, Civil Action No. 4:12-cv-01116, Memorandum and Order [Docket No. 80] (S.D. Tex. Febr. 26, 2014) (J. Atlas); *May v. Wells Fargo Bank, N.A.*, 2013 WL 4647673 (S.D. Tex. 2013) (J. Atlas); *Gossett v. Federal Home Loan Mortg. Corp.*, 919 F. Supp.2d 852, 862 (S.D. Tex. 2013); *Khan v. Wells Fargo Bank, N.A.*, Civil Action No. 4:12-cv-01116 (S.D. Tex. February 26, 2014) (J. Atlas).

needless increase in the cost of litigation.  There is no basis in law or fact for Plaintiffs to bring these claims against Defendant.

62.     As set forth in the Affidavit of Defendant's counsel attached hereto, Defendant incurred reasonable and necessary attorneys' fees and costs in the amount of **$16,720** in defending this litigation.[92]  For the reasons set forth in the Affidavit, these attorneys' fees and costs are both reasonable and necessary.   Defendant hereby requests reimbursement of its reasonable and necessary attorneys' fees and costs from Plaintiffs through the date of Final Summary Judgment.

### VI.
### <u>CONCLUSION</u>

63.     Based upon the foregoing, Plaintiffs fail to state a claim against SLS upon which this Court may grant relief.  This is merely Plaintiffs' attempt to feign ignorance in an attempt to avoid their obligations under a severely defaulted mortgage. The Court should, therefore, grant full and final summary judgment for SLS or, alternatively, dismiss Plaintiffs' claims <u>with prejudice</u>.  The Court should further award SLS its reasonable and necessary attorneys' fees and costs as requested herein.

### VII.
### <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant SPECIALIZED LOAN SERVICING LLC respectfully requests that the Court (i) dismiss this case with prejudice and/or GRANT Defendant's Motion for Summary Judgment, (ii) award attorneys' fees and costs to Defendant, and (iii) award Defendant such other and further relief at law, and in equity, as is just.

---

[92] **Exhibit N**, Affidavit in Support of Attorneys' Fees.

Respectfully submitted,

   //s// Branch M. Sheppard
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this Motion to Dismiss and Motion for Summary Judgment was served on all parties of record on October 31, 2022 as follows:

***<u>VIA CM/ECF</u>***
WILLIAM M. CLANTON
LAW OFFICE OF BILL CLANTON, P.C.
926 CHULIE DR.
SAN ANTONIO, TEXAS 78216
**COUNSEL FOR PLAINTIFFS**

   //s// Branch M. Sheppard
   Branch M. Sheppard