IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Christopher Morales and Mary Helen Morales § § § § § § § § § § § § § | | |
| *Plaintiffs*, | § | Civil Action No: |
| v. | | 5:22-cv-00527-XR |
| Specialized Loan Servicing, LLC, | | |
| *Defendant*. | | |

Plaintiff's Rule 56(d) Motion

_____

Rule 56 allows a motion for summary judgment to be filed at the outset of a case. Early summary judgment motions are premature until sufficient pretrial proceedings have given a nonmovant a basis to respond. In this case, each party has served and responded to one set of written discovery. Will this Court allow SLS' premature motion move forward without the benefit of a full set of facts?

Background

1. In 2007, Plaintiffs purchased a home subject to two mortgages, sometimes referred to as "piggyback mortgages". These mortgages typically split up the payment into an 80/20 payment scheme, allocating 80% of the purchase price to a conventional mortgage, and the second mortgage covers the other 20%.

2. Plaintiffs made regular, on time, payments on both loans until about 2010, when their mortgage servicing was transferred to Nationstar Mortgage Holdings, Inc.

They were informed by Nationstar that they longer needed to make two separate payments because their two mortgages had been rolled into one. They did not receive any information contrary to this and took Nationstar's word for it.

3. In the summer of 2021, Plaintiffs started receiving loss mitigation notices from SLS, concerning the 20% mortgage. Had they known they had to make payments to the piggyback mortgage, they would have done so.

4. Plaintiffs filed suit in Bexar County on April 26, 2022. On May 24, 2022, SLS removed this action to state court, and filed a motion for summary judgment on October 31, 2022. SLS's motion is premature and untimely.

Legal Standard

5. Rule 56(d) gives the court the vehicle to deny a motion for summary judgment or continue the proceedings concerning the motion "if the nonmoving party has not had the opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548 (1986). The 5th Circuit agrees that summary judgment is premature unless the parties have "had a full opportunity to conduct discovery." *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002) *see also FDIC v. Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993) ("Summary judgment is appropriate if, after discovery, there is no genuine dispute over any material fact."); *Ala. Farm Bureau Mut. Ca. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary judgment should not, therefore, ordinarily be granted before discovery has been completed.")

6. The granting of a motion for summary judgment when there has not been adequate discovery is subject to reversal by the appellate court. *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 355-56 (5th Cir. 1989) (finding that the district court abused its discretion by granting a motion for summary judgment when the plaintiff had not been allowed to conduct any discovery at all).

7. To win relief, the Rule 56(d) movant needs to make two showings. (A) that "additional discovery will create a genuine issue of material fact." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017) (quotation omitted). Then the movant must show (B) that discovery was diligently pursued. *Id*.

8. It is also worth noting that Rule 56(d) requests are broadly favored, and should be **liberally granted**. *See, e.g.*, *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (emphasis added).

Argument and Authorities

*If further discovery is allowed, the Morales' will be able to show the Court the existence of a genuine issue of material fact.*

9. There exists a genuine issue of material fact concerning the defendant's failure to send monthly statements, which would constitute a violation of TILA and Regulation Z. 15 U.S.C. § 1637. 12 CFR § 1026.41 (e)(6)(ii)(B). The further discovery will allow the plaintiff to show the court as much. In its motion for summary judgment, SLS asserts it "<u>DID </u>send Plaintiffs monthly mortgage statements". Dkt. 28 ¶ 27. [emphasis in original] SLS's responses to Plaintiff's

interrogatories tell a different story. There SLS explains that "From July, 2019, through August, 2021, SLS **generated** monthly statements **but did not send the monthly statements due to having a bad address for Plaintiffs**." *See Exhibit E* [emphasis added].

10. These two stances by defendant are not easily reconciled. Either SLS sent the disclosures or not. Their bad address position is further complicated by their sending a notice of acceleration to the "bad" address. Discovery is necessary to get to the bottom of this discrepancy. The following exhibits show:

   Exhibit A:[1]
   Statements sent by SLS before they began receiving retuned mail for bad address.

   Exhibit B:
   Statements that were returned for bad address.

   Exhibit C:[2]
   Notice of Acceleration sent to the property address on November 29, 2019.

   Exhibit D:
   Statements that successfully went through after verifying the address.

11. All addresses are the same, "2938 Jasper St. San Antonio, TX 78223-3714".

   Exhibit A; Exhibit B; Exhibit C; Exhibit D (all showing the same address).

*The Morales' have diligently pursued discovery, the filing of the summary judgment motion halts their path to further discovery.*

---

[1] Plaintiffs' Exhibit A,B,&D is Defendant's Exhibit G and split up for the Court's convenience
[2] Plaintiffs' Exhibit C is Defendant's Exhibit H

12. As of the filing of this Motion, each party's discovery has been limited to one set of written discovery. The 5th Circuit has ruled that summary judgment should not ordinarily be granted before discovery has been completed. *Ala. Farm Bureau Mut. Ca. Co.*, at 609. The deadline for discovery in this case, as set by the Court's scheduling order, falls on May 22, 2023. Dkt 19. While courts have ruled 56(d) movants "[do] not meet its burden of adequately explaining why it does not have the evidence it needs to oppose summary judgment by merely noting that the fact discovery deadline has not passed. *Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 250 (4th Cir. 2018) ("The relevant question under Rule 56(d) is not whether discovery remained open at the time that the summary judgment motion was filed, but whether the party seeking to defer a ruling on that motion had a reasonable opportunity to conduct essential discovery"). Here, the May 2023 discovery deadline shows how early in the discovery process Defendant filed its motion.

13. Plaintiffs are diligently pursuing discovery as of the filing of this motion. Defendants served their responses to plaintiff's discovery requests on October 26, 2022. *See Exhibit E.* Their responses were deficient in many aspects; accordingly, Plaintiffs sent a meet and confer letter to try and address these deficiencies. *See Exhibit F*. These deficiencies in discovery responses hinder the Morales' in their search for the truth. It objected to the production of its servicing file, which should answer many questions. Only the SLS knows why the address was marked as bad, even though the address turned out to be the correct one. Defendant likely has

scanned copies of incoming and outgoing mail. It has not produced any copies of a mail piece marked undeliverable.

14. Plaintiffs require discovery on this "bad address" issue in order to respond to a motion for summary judgment, this discovery includes:

    a. Scans of inbound mail concerning plaintiffs;

    b. Scans of outbound mail concerning plaintiffs;

    c. SLS's account activity logs concerning the plaintiffs;

    d. SLS's loan transaction logs;

    e. SLS's servicing file; and

    f. Testimony concerning the circumstances surrounding SLS's decision to stop sending periodic statements.

15. Modern mortgage servicers do not maintain a mailroom. It is well known that mortgage servicers outsource their mailrooms. To record their work, these "digital mailroom" service providers scan each piece of mail sent and received. Plaintiffs believe that SLS is no exception and has copies of inbound and outbound mail, including the periodic statements it allegedly sent, and the mail it claims was returned as undeliverable.

16. Account activity logs and loan transaction logs are likely to contain notes reflecting 1) instructions by SLS to stop sending statements; 2) explanations of this decision; 3) dates and times that periodic statements were sent; and other information showing SLS did not have a legal basis to stop sending periodic statements.

17. SLS's serving file likely contains all the recorded information concerning the mortgage.

18. SLS states that the failure to send periodic statements do not amount to damages. Dkt. 28 ¶ 26. The failure to send these periodic statements by virtue of an alleged "bad address" allowed for unlawful interest to accrue under the note, this increases the Morales' financial obligation, diminishes their equity in the home, and takes plaintiff's personal finances unjustly. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2198 (2021) (monetary damages are a traditional tangible harm).

19. Plaintiff must further investigate SLS' failures in order to adequately respond to its motion for summary judgment.

Conclusion

20. Plaintiffs meet their burden as established in *Jacked Up, L.L.C. v. Sara Lee Corp*. They have shown this Court that (A) additional discovery will create a genuine issue of material fact, and that (B) discovery was diligently pursued.

21. Accordingly, Plaintiffs' respectfully request the Court grant this motion and deny SLS's motion without prejudice until such time as discovery is complete or substantially complete.

    Respectfully Submitted,

    /s/William M. Clanton
    William M. Clanton
    Texas Bar No. 24049436

    Law Office of Bill Clanton, P.C.
    926 Chulie Dr.
    San Antonio, Texas 78216

210 226 0800  
210 338 8660 fax  
bill@clantonlawoffice.com