# Exhibit E

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER MORALES and MARY HELEN MORALES<br>*Plaintiffs,*<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br>*Defendant.* | CIVIL ACTION NO. 5:22-cv-00527-XR |

## DEFENDANT SPECIALIZED LOAN SERVICING LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

TO: Plaintiffs, Christopher Morales and Mary Helen Morales, by and through their attorney of record, William M. Clanton, LAW OFFICE OF BILL CLANTON, P.C., 926 Chulie Dr., San Antonio, Texas 78216.

COMES NOW **SPECIALIZED LOAN SERVICING LLC** ("SLS" or "Defendant") and serves its Responses and Objections to Plaintiffs' First Set of Discovery Requests. SLS reserves the right to supplement the responses herein and does not waive applicable objections to future requests in this matter.

Respectfully submitted,

By:   //s// Branch M. Sheppard
      BRANCH M. SHEPPARD
      Texas State Bar No. 24033057
      bsheppard@gallowaylawfirm.com

**OF COUNSEL:**
**GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH, A PLC**

ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
**ATTORNEYS FOR DEFENDANT,**
**SPECIALIZED LOAN SERVICING LLC**

1

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing was delivered via e-mail to the following on October 26, 2022.

William M. Clanton
LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
bill@clantonlawoffice.com

                   //s// Branch M. Sheppard
                   Branch M. Sheppard

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Please produce all documents you have received from any third party concerning Plaintiffs since you were served with this Lawsuit.

> **OBJECTION:** SLS objects to this request as it is vague and ambiguous with respect to the term "all documents you have received from any third party concerning Plaintiffs." The request is overly broad and not limited in time or scope. The burden or expense of providing such information outweighs its likely benefit. The discovery request is unreasonably frivolous, oppressive, or harassing. SLS is not able to determine what information Plaintiffs seek from this request.

**Request for Production No. 2:** Please produce all documents referenced in your Answer.

> **RESPONSE:** Please see attached Note and Deed of Trust.

**Request for Production No. 3:** Please produce all periodic statements you sent to Plaintiffs.

> **RESPONSE:** Please see attached documents.

**Request for Production No. 4:** Please produce all monthly mortgage statements you sent to Plaintiffs since you began servicing their mortgage.

> **OBJECTION:** SLS objects to this request as it is duplicative of Request for Production No. 3.

> **RESPONSE:** Subject to and without waiving all objections, please see attached documents.

**Request for Production No. 5:** Please produce all documents you sent to Plaintiffs since you began servicing their mortgage.

> **OBJECTION:** SLS objects to this request as it asks for information that is vague, unduly burdensome, oppressive, overly broad, and outside the scope of discovery because it is not reasonably calculated to lead to the discovery of admissible evidence. The burden or expense of compliance with the discovery request outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this litigation, and the importance of the proposed discovery request in resolving the issues. The request is akin to asking for SLS's entire file and appears to impermissibly require SLS to marshal all of its evidence. SLS is unable to determine what information Plaintiff seeks. The discovery request is improper or not within the scope of discovery. The discovery request is unreasonably frivolous, oppressive, or harassing.

> **RESPONSE:** Subject to and without waiving the foregoing objection, please see attached documents.

**Request for Production No. 6:** Please produce your servicing file concerning Plaintiffs' mortgage.

>**OBJECTION:** SLS objects to this request as it asks for information that is vague, unduly burdensome, oppressive, overly broad, and outside the scope of discovery because it is not reasonably calculated to lead to the discovery of admissible evidence. The burden or expense of compliance with the discovery request outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this litigation, and the importance of the proposed discovery request in resolving the issues. The request is akin to asking for SLS's entire file and appears to impermissibly require SLS to marshal all of its evidence. SLS is unable to determine what information Plaintiff seeks. The discovery request is improper or not within the scope of discovery. The discovery request is unreasonably frivolous, oppressive, or harassing.
>
>**RESPONSE:** Subject to and without waiving the foregoing objection, please see attached documents.

**Request for Production No. 7:** Please provide all documents identified in your responses to interrogatories.

>**OBJECTION:** SLS objects to this request as it is overbroad, not limited in time or scope, and asks for information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. The request appears to impermissibly require SLS to marshal all of its evidence. The burden or expense of compliance with the discovery request outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this litigation, and the importance of the proposed discovery request in resolving the issues. The discovery request is improper or not within the scope of discovery. The discovery request is unreasonably frivolous, oppressive, or harassing. Subject to and without waiving all objections, please see attached documents.
>
>**RESPONSE:** Subject to and without waiving the foregoing objection, please see attached documents.

**Request for Production No. 8:** Please produce the documents you contend evidence Plaintiffs' knowledge of the mortgage after 2010.

>**OBJECTION:** SLS objects to this request as it is overbroad, not limited in time or scope, and asks for information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. The burden or expense of compliance with the discovery request outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this litigation, and the importance of the proposed discovery request in resolving the issues. The discovery request is improper or not within the scope of discovery. The discovery request is unreasonably frivolous, oppressive, or harassing.

**RESPONSE:** Subject to and without waiving the foregoing objection, please see attached documents.

## INTERROGATORIES

**Interrogatory No. 1:** Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

> **RESPONSE:** SLS directs Plaintiffs to the SLS's Rule 26(a)(1) Initial Disclosures served on Plaintiffs on July 8, 202 for information responsive to this request.

**Interrogatory No. 2:** If a Defendant is improperly identified, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is not an appropriate use of an interrogatory. The interrogatory is harassing, requests information not relevant to this litigation, and it is nothing more than an impermissible fishing expedition. This request also seeks information that is not likely to lead to the discovery of admissible evidence. It is not SLS's responsibility to inform Plaintiffs whether Plaintiffs have sued the correct entity.

**Interrogatory No. 3:** If you contend that some other person or legal entity is, in whole or in part, liable to the Plaintiff in this matter, identify that person or legal entity and describe in detail the basis of said liability.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is harassing, requests information not relevant to this litigation, and that it is nothing more than an impermissible fishing expedition. This request also seeks information that is not likely to lead to the discovery of admissible evidence. The burden or expense of providing such information outweighs its likely benefit.

**Interrogatory No. 4:** Identify all documents you have received from third parties concerning Plaintiff since the Lawsuit was filed.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is harassing, requests information not relevant to this litigation, and that it is nothing more than an impermissible fishing expedition. This request also seeks information that is not likely to lead to the discovery of admissible evidence. The burden or expense of providing such information outweighs its likely benefit.

**Interrogatory No. 5:** Identify all persons who participated in responding to Plaintiff's qualified written requests.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is harassing, requests information not relevant to this litigation, and that it is nothing more than an impermissible fishing expedition. This request also seeks information that is not likely to lead to the discovery of admissible evidence. The burden or expense of providing such information outweighs its likely benefit.

**Interrogatory No. 6:** Identify each document you sent to Plaintiff since you began servicing their mortgage.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is harassing, requests information not relevant to this litigation, and that it is nothing more than an impermissible fishing expedition. This request also seeks information that is not likely to lead to the discovery of admissible evidence. The burden or expense of providing such information outweighs its likely benefit. Not all documents SLS sent to Plaintiff since it began servicing Plaintiffs' mortgage is relevant to the issues in this lawsuit. The information sought from this request is better obtained from reviewing the documents.

**Interrogatory No. 7:** List each entity who now has or has ever had any interest in the underlying loan note, including, but not limited to, any broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee, investor, trustee under a pooling and servicing agreement, loan pool, servicer, or similar party; identify that party's name, address, and telephone number; describe that party's interest in the transaction; state the date it obtained that interest, the date it relinquished that interest, and the identity of the entity to which it relinquished that interest; and state the nature and amount of all consideration it received or disbursed in connection with obtaining or relinquishing that interest.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is harassing, requests information not relevant to this litigation, and that it is nothing more than an impermissible fishing expedition. This request also seeks information that is not likely to lead to the discovery of admissible evidence. The burden or expense of providing such information outweighs its likely benefit.
>
> **RESPONSE:** Subject to and without waiving the foregoing objections, please see attached assignments of Deed of Trust and notices of servicing transfers related to Plaintiffs' mortgage loan.

**Interrogatory No. 8:** Explain why the document attached as Exhibit A to these interrogatories is marked "Bad Address." Please provide an explanation of what this means in your system.

> **RESPONSE:** The only mailing address SLS had in its records for Plaintiffs was the Property Address. Plaintiffs never notified SLS of any change in address in accordance with the terms of the Deed of Trust. Beginning in March, 2019, SLS began receiving returned mail for the monthly statements sent to Plaintiffs at the Property Address. After receiving multiple returned mail for having an insufficient address, SLS flagged Plaintiffs' account for having a bad address. From July, 2019, through August, 2021, SLS generated monthly statements but did not send the monthly statements due to having a bad address for Plaintiffs. In July, 2021, Plaintiffs contacted SLS and confirmed the Property Address as the correct mailing address. SLS then resumed sending Plaintiffs monthly statements to the Property Address beginning September, 2021.

**Interrogatory No. 9:** State the total amount of money that Plaintiff has paid to you while you serviced their mortgage. Identify each payment individually, state the date of the payment, and itemize the amounts allocated to principal, interest, fees, and other charges.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is requests information not relevant to this litigation and that it is nothing more than an impermissible fishing expedition. This request also seeks information that is not likely to lead to the discovery of admissible evidence. The burden or expense of providing such information outweighs its likely benefit.
>
> **RESPONSE:** Subject to and without waiving the foregoing objection, Plaintiffs acknowledge in the Amended Complaint filed at Docket No. 9 that Plaintiffs have not tendered any payment to SLS since it began servicing the mortgage.

**Interrogatory No. 10:** Please describe fully any instruction given to the employees or agents of Assignee or Original Creditor as to the required disclosures under the Truth in Lending Act, including the subject matter of that instruction, by whom it was given, whether it was mandatory or voluntary, and how many hours each individual natural person spent under such instruction.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is requests information not relevant to this litigation, it is not limited in time, and that it is nothing more than an impermissible fishing expedition. This is vague and overly broad. The request is vague as to the undefined terms "Assignee" or "Original Creditor." This request also seeks information that is not likely to lead to the discovery of admissible evidence. The burden or expense of providing such information outweighs its likely benefit.

**Interrogatory No. 11:** Explain fully your procedures adapted to avoid clerical, calculation, computer malfunction, computer programming, and printing errors with regard to the requirements of the Federal Truth In Lending Act. Identify each document which contains information concerning the actual maintenance of those procedures by you.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is harassing, requests information not relevant to this litigation, and that it is nothing more than an impermissible fishing expedition. This request also seeks information that is not likely to lead to the discovery of admissible evidence. This request is not limited in time or scope and is overly broad and unduly burdensome. This also delves into confidential, proprietary information which SLS is not obligated to disclose.

**Interrogatory No. 12:** Identify what entity held the service for this mortgage prior to you.

> **RESPONSE:** The answer to this interrogatory may be determined by examining the documents produced in response to Plaintiffs' Requests for Production. Please see attached documents evidencing the previous notices of service transfers relating to Plaintiffs' mortgage loan.

**Interrogatory No. 13:** Identify each communication from you to Plaintiffs. This request specifically includes, but is not limited to, each periodic statement you sent.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is overly broad, not limited in time or scope, harassing, requests information not relevant to this litigation, and that it is nothing more than an impermissible fishing expedition. This request also seeks information that is not likely to lead to the discovery of admissible evidence. The burden or expense of providing such information outweighs its likely benefit. Not every communication sent to Plaintiffs is relevant to the issues in this case.
>
> **RESPONSE:** Subject to and without waiving the foregoing objections, the answer to this interrogatory may be determined by examining the documents produced in response to Plaintiffs' Requests for Production, served simultaneously herewith.

**Interrogatory No. 14:** Identify the contents of your servicing file concerning Plaintiffs' mortgage.

> **OBJECTION:** SLS directs Plaintiffs to the SLS's Rule 26(a)(1) Initial Disclosures served on July 8, 202 for information responsive to this request.

**Interrogatory No. 15:** Identify the method you used to calculate the amount that you claim as due in owing in your communications with Plaintiffs.

> **OBJECTION:** SLS objects to this interrogatory on the basis that it is overly broad, not limited in time or scope, harassing, requests information not relevant to this litigation, and that it is nothing more than an impermissible fishing expedition. This request also seeks information that is not likely to lead to the discovery of admissible evidence. The burden or expense of providing such information outweighs its likely benefit. The amount itself is not an issue in this case other than through the meritless allegation that SLS is not allowed to collect interest at all. The loan documents speak for themselves. Subject to the stated objection, and without waiving the objection, SLS answers as follows: Arithmetic and addition.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:** Admit that you are properly named in this Lawsuit.

    **OBJECTION:** This request requires SLS to draw a legal conclusion. As such, SLS is unable to either Admit or Deny; in an abundance of caution, denied.

**Request for Admission No. 2:** Admit that you did not send a "handshake" letter to Plaintiffs when you began servicing the mortgage.

    **RESPONSE:** Deny.

**Request for Admission No. 3:** Admit that you are a mortgage servicer.

    **RESPONSE:** Admit.

**Request for Admission No. 4:** Admit that as a mortgagee, you are required to mail periodic mortgage statements.

    **OBJECTION:** This request requires SLS to draw a legal conclusion. As such, SLS is unable to either Admit or Deny; in an abundance of caution, denied.

**Request for Admission No. 5:** Admit that the mortgage you service for Plaintiffs is a residential mortgage loan.

    **RESPONSE:** Admit.

**Request for Admission No. 6:** Admit that you did not mail periodic mortgage statements to Plaintiffs.

    **RESPONSE:** Deny.

**Request for Admission No. 7:** Admit that you received the mortgage for servicing in 2015.

    **RESPONSE:** Admit, to the extent SLS began servicing Plaintiffs' mortgage effective September 11, 2015.

**Request for Admission No. 8:** Admit that you did not contact Plaintiffs regarding the mortgage until 2021.

    **RESPONSE:** Deny.

**Request for Admission No. 9:** Admit that you service more than 5,000 mortgages.

    **OBJECTION:** This request requires SLS to disclose confidential, proprietary information, and this request is in no way relevant to the subject matter of this lawsuit and is nothing more than an impermissible fishing expedition. To the extent a response is

required and to preserve the record and any kind of potential deemed admission, in an abundance of caution, SLS denies this request.