IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Christopher Morales and Mary Helen Morales | § § § § § § § § § § § § § | |
| *Plaintiffs*, | | Civil Action No: |
| v. | | 5:22-cv-00527-XR |
| Specialized Loan Servicing, LLC, | | |
| *Defendant*. | | |

Plaintiffs' Response to Defendant's 12(b)(6) Motion

_____

Defendant filed an untimely 12(b)(6) motion. Even if it was not untimely, Plaintiff's claim meets the plausibility standard. Will this court allow an untimely, meritless motion to succeed?

Background

1. In 2007, Plaintiffs purchased a home subject to two mortgages, sometimes referred to as a "piggyback mortgages." These mortgages typically split up the payment into an 80/20 payment scheme, allocating 80% of the purchase price to a conventional mortgage and the second mortgage covers the other 20%.

2. Plaintiffs made regular, on time payments on both loans until about 2010, when their mortgage servicing was transferred to Nationstar

    Mortgage Holdings, Inc. They were informed by Nationstar that they longer needed to may two separate payments, that their two mortgages had been rolled into one. They did not receive any information contrary to this and took Nationstar's word for it.

3. In the summer of 2021, Plaintiffs started receiving loss mitigation notices from SLS, concerning the 20% mortgage. Had they known they had to make payments to the piggyback mortgage they would have done so. Plaintiffs filed suit in Bexar County on April 26, 2022. On May 24, 2022 SLS removed this action to state court. Plaintiffs then filed their amended complaint to comply with federal standards on June 14, 2022. Two days later defendants filed their answer. They did not file a 12(b)(6) motion before its June 16, 2022 answer, their motion now is untimely and must be denied.

Legal Standard

4. In 2007, the Supreme Court considered Rule 12(b)(6) motions to dismiss. The Court explained when the allegations in a complaint, no matter how true, "could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). This standard is referred to as the "plausibility" standard. It requires that a "complaint support the viability of its claims by pleading sufficient nonconclusory factual matter to set forth a claim that is plausible on its face." *E.E.O.C. v. Port Auth. of N.Y. & New Jersey*, 768 F.3d 247, 253 (2d Cir. 2014). Two years later, in *Ashcroft*, the Supreme Court set a two-pronged approach for courts deciding motions to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1939 (2009). Using this approach, the courts must first "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 ("legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Plaintiff meets this test and thus defeats defendants 12(b)(6) motion.

Argument and Authorities

### A. Defendant's 12(b)(6) motion is untimely and should be denied.

5. A motion to dismiss filed under rule 12(b)(6) "must be filed **before** responsive pleadings", doing so after responsive pleadings renders the motion untimely. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *See also* Fed. R. Civ. P. 12(b)(6) ("a motion asserting any of these defenses must be made **before** a pleading"). After the case was removed from Bexar county to this Court, Plaintiff filed an amended complaint. Dkt. 9. Defendants later filed an answer to the amended complaint. Dkt 13. An answer to a complaint is a responsive pleading. *See* Fed. R. Civ. P. 7(a)(2) (defining a pleading as (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer). Defendants filed their 12(b)(6) motion in conjunction with their motion for summary judgment, after their pleadings. Dkt. 28.

*Rule 12(h) Analysis*

6. In its motion, defendant tells the court that "<u>a defendant may raise a 12(b)(6) defense at any time up to and including, but not beyond, trial on the merits</u>" Dkt. 28 ¶ 14 (emphasis in original). To support their

allegation, they cite both a case decided by the Supreme Court and Rule 12(h). Their reliance on Justice Ginsburg's opinion is misplaced. While yes, a 12(b)(6) objection, as a fundamental defense "[endures] up to, but not beyond, trial on the merits", it does so if made in a **pleading.** *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006); *See Kontrick v. Ryan*, 540 U.S. 443, 459, 124 S. Ct. 906 (2004). ("A defense of failure to state a claim upon which relief can be granted…may be made in **any pleading**… or by motion for judgment on the pleadings, or at the trial on the merits") (emphasis added).

7. Further, when looking at Rule 12(h)(2) the Court's ruling on this matter should become clear:

   ```
   "(2) When to Raise Others. Failure to State a
   claim upon which relief can be granted, to join a
   person required by Rule 19(b), or to state a legal
   defense to a claim may be raised:
        (A)   in any pleading allowed or ordered under
           Rule 7(a);
        (B)   by a motion under Rule 12(c); or
        (C)   at trial." Fed. R. Civ. P. 12(h)(2)
           (emphasis added).
   ```

8. Defendants have not brought this 12(b)(6) motion in a Rule 7(a) pleading, a Rule 12(c) motion, or at trial. Defendant's motions does not meet the requirements of timeliness, and is not attached to a proper vehicle that these motions must be made under.

### B. Barring untimeliness, Plaintiff's claims are plausible on its face.

*Defendant's shotgun motion misses the mark.*

9. A motion is not a pleading, but Defendant's dual motion resembles a "shotgun pleading." "This 'shotgun approach' to pleadings, . . . where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick, is to be discouraged." *S. Leasing Partners v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986)

10. Defendant's dual motion makes it difficult to discern what parts of their motion merit what sort of response. This is a problem is exacerbated by Plaintiff requiring more use of the discovery period to conduct get to the bottom of the issues described in Docket No. 31.

*Plaintiffs meet the 12(b)(6) mark.*

11. The plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1939 (2009). When well-pleaded facts fail to meet this standard, "the complaint has

alleged-but it has not shown-that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

12. Plaintiffs have met this plausibility standard. This Court need not look further than its own order denying remand. Docket No. 29. In its order, this Court states that Plaintiffs "have sufficiently alleged that they have suffered concrete injuries in fact in the form of actual monetary damages, including wrongfully accrued interest and fees that have nearly doubled the balance of the original loan" Further, that "failure to receive periodic statements in connection with [a] secondary mortgage or any notice that their loan had been transferred to a new servicer are statutorily recognized injuries. See 15 U.S.C. § 1640 (describing civil liability for TILA violations); U.S.C. § 2605(f) (Providing for damages in connection with RESPA violations, including failure to notify borrowers about servicing transfers); see also In re Regions Bank ATM Fee Notice Litig., No. 2:11-MD-2202-KS-MTP, 2011 WL 4036691, at *4 (S.D. Miss. Sept. 12, 2011) ( "Congress created a statutory right to a particular form of notice, and Plaintiffs allege that Defendant did not provide it. That is a concrete, particular injury.")." Dkt. 29. Again, "Plaintiffs' injury is directly tied

to Defendant's alleged failure to send periodic mortgage statements. Arguably, if Defendant had sent the notices, Plaintiffs would have continued paying the dual balances and would not have incurred the interest and fees Plaintiffs seek to challenge. See ECF No. 2 at 21. The failure to do so is the but-for cause of Plaintiffs' monetary injury. *Lujan*, 504 U.S. at 560." Dkt. 29.

Conclusion

Court has two grounds on which to deny Defendant's 12(b)(6) motion. Defendant's motion is untimely and Plaintiffs' claims meet the plausibility standard. The Court must deny Defendant's 12(b)(6) motion.

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com