**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MORALES and MARY HELEN MORALES, *Plaintiffs,* | | |
| v. | | CIVIL ACTION NO. 5:22-cv-00527-XR |
| SPECIALIZED LOAN SERVICING, LLC, *Defendant.* | | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 56(d) MOTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant SPECIALIZED LOAN SERVICING LLC ("SLS" or "Defendant"), and files this Response to the Rule 56(d) Motion filed by Plaintiffs Christopher Morales and Mary Helen Morales ("Plaintiffs") and, in support hereof, show the Court as follows:

**I.**
**INTRODUCTION**

1.      On April 26, 2022, Plaintiffs filed the instant suit in state court. On May 24, 2022, SLS removed the case to this Court.

2.      Despite Plaintiffs' attempt to muddy the waters, this case is quite simple. Plaintiffs defaulted under the terms of their second lien mortgage by failing to remit monthly installments as they came due for over a decade. As a last-ditch effort to impede foreclosure after their decade of default caught up with them, Plaintiffs filed this suit claiming they were conveniently unaware of the second lien mortgage until the summer of 2021.

3.      As their excuse for failing to pay the monthly installments as they came due, Plaintiffs baselessly claim SLS failed to send periodic statements to Plaintiffs.  Based on this

theory, Plaintiffs claim that SLS breached the contract, violated the Truth in Lending Act ("TILA"), and violated the Texas Debt Collection Act ("TDCA").

4.      The entire basis of Plaintiffs' claims revolve around one issue – whether SLS sent or did not send monthly statements.  There is no amount of discovery beyond the production of the periodic statements themselves that can plausibly create a genuine issue of material fact. Instead, the summary judgment evidence conclusively establishes that SLS DID send monthly statements to Plaintiffs.

5.      There is no justifiable reason to delay consideration of SLS's Motion for Summary Judgment to allow Plaintiffs to conduct additional, unnecessary, harassing, and irrelevant discovery.  Plaintiffs have in their possession all of the monthly statements SLS sent to Plaintiffs from the time it began servicing Plaintiffs' mortgage in 2015.  Thus, Plaintiffs fail to meet their burden under Rule 56(d) to justify a deferred ruling on summary judgment.  The Court must deny the Motion on these grounds.

## II.
## ARGUMENT & AUTHORITIES

6.      While "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted,"[1] the party filing the motion must demonstrate "how additional discovery will create a genuine issue of material fact."[2] More specifically, "the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will

---

[1] *Am. Family Life Insurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citation omitted).
[2] *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (citation omitted).

influence the outcome of the pending summary judgment motion.'"[3] "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts."[4]

7.      According to Plaintiffs, further discovery is needed to address the "bad address" issue.  There is no "bad address issue" raised in any of Plaintiffs' allegations and causes of action.  Plaintiffs do not claim that SLS failed to send periodic statements to Plaintiffs' *correct* address.  Instead, Plaintiffs claim SLS failed to send *any* periodic statements.

8.      While there was a short time where SLS acknowledges that it generated monthly statements but did not send the monthly statements, SLS provided a sworn declaration in support of summary judgment attesting to the reasoning for not sending the statements.  Specifically the Declarant states:

> "According to SLS's electronic books and records, the only mailing address SLS had in its records for Plaintiffs was the Property Address. Plaintiffs never notified SLS of any change of address in accordance with the terms of the Deed of Trust. Beginning in March, 2019, SLS began receiving returned mail from the United States Postal Service, and specifically, the United States Postal Service 'returned to sender' SLS's monthly statements that SLS had mailed to Plaintiffs at the Property Address.

> According to SLS's electronic books and records, after receiving multiple pieces mail 'returned to sender' based on an insufficient address, SLS flagged Plaintiffs' account for having a bad address.  From July, 2019, through August, 2021, SLS generated monthly statements but did not mail them due to Plaintiffs never informing SLS of their address change.

> According to SLS's electronic books and records, in July, 2021, Plaintiffs contacted SLS and confirmed the Property Address as the correct mailing address. Beginning September, 2021, SLS resumed sending Plaintiffs monthly statements."

*See Exhibit L to Motion for Summary Judgment, pars. 10, 11, and 12*

---

[3] *Biles*, 714 F.3d at 894 (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).
[4] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

9.      Additional discovery will not change the fact that these statements were not sent, and SLS's Declaration explains why SLS did not send the monthly statements for a period of time.  Nevertheless, the reason SLS did not send them is irrelevant to Plaintiffs' baseless claims.

10.      The summary judgment evidence conclusively establishes SLS complied with its obligation under TILA to send periodic statements. To the extent Plaintiffs now claim SLS did not send notices to the *correct* address, the Deed of Trust requires Plaintiffs to notify the lender of any change in address. The summary judgment evidence establishes the Property address was the only address SLS had in its records for Plaintiffs.  Plaintiffs do not allege they ever provided SLS with written notice of a new mailing address.  Thus, SLS complied with the terms of the Deed of Trust and applicable law by sending statements and notices to Plaintiffs' last known mailing address, which was the Property address.

11.      Plaintiffs likewise fail to address how additional discovery will overcome SLS's limitations defense. As briefed in its Motion for Summary Judgment, Plaintiffs' TILA claims are barred by limitations. Plaintiffs' Rule 56(d) Motion makes no attempt to argue why Plaintiffs cannot present facts essential to justify opposition to summary judgment.  The fact is Plaintiffs have no credible basis for their claims, and they have legitimate defense to the Motion for Summary Judgment..

12.      There is no plausible additional discovery that will create a genuine issue of material fact.  After all, factual disputes that are "irrelevant or unnecessary" will not be counted.[5] Additional discovery will likewise not reveal any facts to overcome the one-year statute of limitations which without doubt bars Plaintiffs' claims that SLS failed to send periodic billing statements pursuant to TILA.  Plaintiffs' Motion serves no other purpose than to needlessly delay

---

[5] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

resolution and increase the cost of this litigation.  The Court should deny Plaintiffs' Motion on these grounds.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant SPECIALIZED LOAN SERVICING LLC respectfully requests that the Court (i) deny Plaintiffs' Rule 56(d) Motion, and (ii) award Defendant such other and further relief at law, and in equity, as is just.

Respectfully submitted,

  //s// Branch M. Sheppard
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties of record on November 9, 2022 as follows:

***VIA CM/ECF***
WILLIAM M. CLANTON
LAW OFFICE OF BILL CLANTON, P.C.
926 CHULIE DR.
SAN ANTONIO, TEXAS 78216
**COUNSEL FOR PLAINTIFFS**

  //s// Branch M. Sheppard
  Branch M. Sheppard