UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER MORALES and MARY HELEN MORALES,<br>    *Plaintiffs,*<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br>    *Defendant.* | CIVIL ACTION NO. 5:22-cv-00527-XR |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE
TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant SPECIALIZED LOAN SERVICING LLC ("SLS" or "Defendant"), in the above-numbered and entitled cause and files its Reply to the Response to Motion for Summary Judgment filed by Plaintiffs Christopher Morales and Mary Helen Morales ("Plaintiffs") and, in support thereof, respectfully show as follows:

**I.
PRELIMINARY STATEMENT**

1. Plaintiffs' Reply to SLS's Motion for Summary Judgment is based entirely on a misapplication of the law and alleges for the first time, albeit wrongly, that Plaintiffs' loan was charged-off. Plaintiffs cannot raise a claim such as charge-off in their Response when it is not alleged in the Complaint. Despite Plaintiffs' apparent misunderstanding of the applicable law, Plaintiffs fail to raise a genuine issue of fact to preclude summary judgment.

2. Plaintiffs have no competent evidence to contradict SLS's Motion for Summary Judgment. Plaintiffs make no substantive challenge to SLS's summary judgment evidence and substantively fail to present any competent and admissible evidence to raise a genuine issue of

1

material fact. This Court should grant summary judgment for SLS and against Plaintiffs on all clams on this basis.

3. SLS is likewise entitled as a matter of law to recover its attorneys' fees and costs incurred in defense of Plaintiffs' lawsuit. Plaintiffs wholly fail to respond or oppose SLS's request for attorneys' fees pursuant to its Counterclaim against Plaintiffs.

## II.
### REPLY TO RESPONSE ARGUMENTS

**A. PLAINTIFFS WAIVED ANY ALLEGATION THAT THE LOAN WAS CHARGED OFF.**

4. In an apparent last-ditch effort to avoid summary judgment, Plaintiffs allege for the first time in their Response, albeit wrongly, that Plaintiffs' loan was charged off. Such an allegation, which is raised for the first time in Plaintiffs' Response to SLS's Motion for Summary Judgment, constitutes a waiver of such a claim.[1]

5. Despite the fact that Plaintiffs waived any allegation that Plaintiffs' mortgage loan was charged off by failing to raise such an allegation in both Plaintiff's Original Complaint and Amended Complaint, Plaintiffs nonetheless fail to present competent summary judgment evidence to preclude summary judgment on Plaintiffs' TILA claim.

6. Under 12 C.F.R. § 1026.41(e)(6)(ii)(B), a servicer may not retroactively assess fees or interest on the account for the period of time during which the exemption in paragraph (e)(6)(i) of the section applied. Under paragraph (e)(6)(i), a servicer is exempt from the requirements of this section for a mortgage loan (i.e. the requirement to send periodic billing

---

[1] *See, e.g., Criner v. Texas—New Mexico Power Co.*, 470 F. App'x 364, 371 (5th Cir. 2012). ("[W]e hold that [Plaintiff] waived her disparate impact claims by presenting them for the first time in her response to a motion for summary judgment.") (citing *Cutrera v. Board of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)); *Saucedo Falls v. Kunkle*, 299 F. App'x 315, 318, n. 3 (5th Cir. 2008) ("[Plaintiff] did not raise the retaliation claim in her complaint, as the district court noted and the Plaintiff does not contest, it was first raised in her response to Defendants' motion for summary judgment. Accordingly, the retaliation claim is waived.") (citing *Cutreta*, 429 F.3d at 113).

statements) if the servicer: (A) has charged off the loan in accordance with loan-loss provisions and will not charge any additional fees or interest on the account; ***and*** (B) provides, within 30 days of the charge-off or the most recent periodic statement, a periodic statement, clearly and conspicuously labeled "Suspension of Statements & Notice of Charge Off – Retain This Copy for Your Records."[2]

7. TILA then provides certain requirements for the applicable notice to borrowers for loans that are charged off, which include a requirement that the periodic statement must "clearly and conspicuously explain that, as applicable, the mortgage loan has been charged off and the servicer will not charge any additional fees or interest on the account; the servicer will no longer provide the consumer a periodic statement for each billing cycle; the lien on the property remains in place and the consumer remains liable for the mortgage loan obligation and any obligations arising from or related to the property, which may include property taxes; the consumer may be required to pay the balance on the account in the future, for example, upon sale of the property; the balance on the account is not being canceled or forgiven; and the loan may be purchased, assigned, or transferred."[3]

8. Most notably, Plaintiffs fail to present any competent summary judgment evidence that Plaintiffs' loan was charged off and the applicable TILA exemption was in effect. Instead, Plaintiffs inappropriately attempt to use the allegation that Plaintiffs' loan was charged off as both a sword and a shield. It is apparent Plaintiffs simply misunderstand the exemptions under TILA and the resulting consequences of the exemptions.

9. Servicers may utilize the applicable exemptions under TILA to absolve the requirement to send periodic billing statements *if* the loan is charged off. Here, SLS was

---

[2] 12 C.F.R. § 1026.41(e)(6)(i) (emphasis added).
[3] *Id*. at § 1026.41(e)(6)(i)(B).

rightfully entitled to review Plaintiffs' loan for a <u>potential</u> charge off (due to Plaintiffs' failure to make any mortgage payment for a period exceeding TWELVE years), but it is ultimately the lender's decision whether to charge off a loan and take advantage of the exemption to absolve any requirement to continue sending periodic billing statements. In this case, however, the exemption is inapplicable because there is no evidence that SLS actually charged off Plaintiffs' loan and sent the applicable notice to Plaintiffs. There is no evidence of a charge off because no charge off ever occurred. SLS continued sending periodic statements during the time period Plaintiffs baselessly claim SLS charged off Plaintiffs' loan, with exception for the time period when SLS no longer had a valid address for Plaintiffs. The Court should disregard the Plaintiffs' charge off arguments and grant summary judgment for SLS on these grounds.

      **B.    PLAINTIFFS FAIL TO PRESENT ANY EVIDENCE OF ACTUAL DAMAGES.**

10. It is nonsensical for Plaintiffs to claim they were damaged by an alleged $713 in interest charged in violation of TILA. After all, Plaintiffs acknowledge and do not dispute that they failed to pay their mortgage obligation for over a decade. Even after Plaintiffs claim to re-discover their monetary obligations under the second mortgage, Plaintiffs do not claim to have made any attempt to pay the debt owed to SLS. Plaintiffs likewise do not claim that they suffered monetary damages by actually paying the alleged $713 of what they wrong claim in improperly accrued interest. Plaintiffs simply have no damages and are instead seeking a scapegoat to avoid their monetary obligations and an otherwise lawful foreclosure of the Property.

11. Plaintiffs' Affidavit states that if Plaintiffs had known that Plaintiffs had to pay on a second mortgage, Plaintiffs would have done so.[4] To the extent Plaintiffs claim they suffered monetary damages by some inexplicable deprived knowledge of their second mortgage, this

---

[4] *See* Affidavit of Christopher Morales in Support of Plaintiffs' Motion for Summary Judgment Response, Doc. No. 39-3, ¶ 18.

Court should not consider such affidavit testimony as competent summary judgment evidence. The statements contained in Plaintiff's Affidavit are conclusory statements with no supporting facts and thus, are not competent summary judgment proof that raises a genuine issue of material fact. Assertions regarding what Plaintiff allegedly "would or would not have agreed to are expressions of subjective belief and not susceptible to being readily controverted."[5]

12. For these reasons, the Court should strike or, at a minimum, give it zero weight to Plaintiff's Affidavit. Plaintiffs fail to present any competent summary judgment evidence to establish any actual damages from the purported violation. To sufficiently prevail on a TILA claim, Plaintiffs must have actual damages arising from the purported violation.[6] The Court should grant summary judgment for SLS on these grounds.

    **C.    PLAINTIFFS FAIL TO RAISE A GENUINE ISSUE OF MATERIAL FACT REGARDING SLS'S ALLEGED VIOLATION OF THE TEXAS DEBT COLLECTION ACT.**

13. A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (i) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (ii) showing there is no evidence to support an essential element of plaintiff's claim.[7]

14. Plaintiffs' Response to SLS's Motion for Summary Judgment fails to provide even a scintilla of evidence that SLS misrepresented the character, extent, or amount of a

---

[5] *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (affidavits consisting of nothing more than conclusions or expressions of subjective relief are not competent summary judgment proof).

[6] *See, e.g., Jameel v. Flagstar Bank, FSB*, No. H-12-1510, 2012 WL 5384177, at *8 (S.D. Tex. Nov. 2, 2012) (citing 15 U.S.C. § 1640(a)(1) and stating that a "plaintiff must allege sufficient damages in order to state a claim" under TILA as well as detrimental reliance); *see also Borowiec v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 2940489, at *3 (D. Haw. Jul. 19, 2011) (holding that TILA claim was not stated where plaintiff did not adequately show that damages resulted from lender's failure to comply with TILA); *Beall v. Quality Loan Serv. Corp.*, 2011 WL 1044148, at *6 (S.D. Cal. Mar. 21, 2011) (same) (dismissing TILA claim where "Plaintiff [failed to allege] any actual damages . . . .").

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

consumer debt in violation of Tex. Fin. Code Sec. 392.304(a)(8). The summary judgment evidence is clear that SLS did not make any false or misleading representations regarding the sum Plaintiffs owe on their mortgage.

15. To maintain an action under the TDCA, Plaintiffs must plausibly demonstrate (i) the debt at issue is a consumer debt; (ii) SLS is a debt collector within the meaning of the TDCA; (iii) SLS committed a wrongful act in violation of the TDCA; (iv) the wrongful act was committed against Plaintiffs; and (v) Plaintiffs were injured as a result of the alleged wrongful act.[8] Plaintiffs fail to allege facts sufficient to demonstrate wrongdoing or to demonstrate that SLS committed any wrongful act against Plaintiffs.

16. Misrepresentations that are actionable under the TDCA must be affirmative statements that are false or misleading.[9] To prove a claim under section 392.304(a)(8), Plaintiffs "must show that the debt collector 'made a misrepresentation that led [them] to be unaware (1) that [they] had a mortgage debt, (2) of the specific amount [they] owed, or (3) that [they] had defaulted.'"[10] In other words, Plaintiffs must demonstrate a false or misleading statement "led [them] to think differently with respect to the character, extent, amount, or status of [their] debt."[11]

17. Plaintiffs' Response to SLS's Motion for Summary Judgment on Plaintiffs' TDCA claim is largely based on the misinterpretation of the status of Plaintiffs' loan during an alleged 5-month period. As explained *supra*, SLS did not utilize any exemptions under TILA relating to charged off loans. The exemption simply does not apply, and SLS continued to send periodic billing statements to Plaintiffs. There is no evidence and no record of the loan ever

---

[8] *See* Tex. Fin. Code § 392.001, et seq.
[9] *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014).
[10] *See Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015).
[11] *Sanchez v. Bank of Am., N.A.*, No. 3:13-CV-2571-B, 2015 WL 418084, at *3 (N.D. Tex. Jan. 30, 2015) (quoting *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).

being charged off. Conclusory inferences that the billing statements misled Plaintiffs into believing they must pay interest improperly assessed are entirely unfounded. The Court should grant summary judgment for SLS on these grounds.

### D. THE SUMMARY JUDGMENT EVIDENCE CONCLUSIVELY ESTABLISHES PLAINTIFFS CANNOT MAINTAIN A BREACH OF CONTRACT CLAIM.

18. Plaintiffs baselessly claim the breach of contract claim survives because they "were not the first party to breach the contract." The undisputed summary judgment evidence, however, clearly establishes that Plaintiffs breached the contract first by failing to remit monthly mortgage payments beginning on April 1, 2010, and all subsequent payments due thereafter.[12]

19. Plaintiffs claim SLS breached the contract by failing to send periodic billing statements at the time SLS began servicing the loan in 2015. Despite the fact that the summary judgment evidence undoubtedly establishes this allegation is untrue, it is clear Plaintiffs breached the contract first by failing to remit monthly mortgage payments. Further, even if it was true, not sending periodic billing statements is not a breach of contract because the contracts involved (the Note and Deed of Trust) are silent on this issue, and any reference to the "notice" provision Plaintiffs reference in the Deed of Trust is not inclusive of periodic billing statements.

20. Despite Plaintiffs conclusory allegation that their obligation to remit monthly payments was somehow absolved based on an alleged misrepresentation by a completely different loan servicer for a completely different mortgage loan, there is no cause of action for negligent misrepresentation or otherwise. Plaintiffs' prosecution of these claims is pure bad faith and an unscrupulous attempt to make excuses for their failure to pay their second lien mortgage.

---

[12] *See* Ex. H, SLS's Motion for Summary Judgment.

21. Because Plaintiffs cannot prove performance or tendered performance, Plaintiffs' breach of contract claim fails as a matter of law. The Court should grant summary judgment for SLS on these grounds.

    **E.    SLS IS ENTITLED TO REIMBURSEMENT OF ITS REASONABE AND NECESSARY ATTORNEYS' FEES.**

22. Plaintiffs does not dispute the merits of SLS's request for reimbursement of its reasonable and necessary attorneys' fees pursuant to its pending Counterclaim against Plaintiffs. The Deed of Trust contractually allows SLS to recover its reasonable attorneys' fees and costs incurred in defending this lawsuit and further indicates the amount shall become additional debt of the borrower.[13]

23. As discussed in SLS's Motion to Dismiss and Motion for Summary Judgment, the Fifth Circuit routinely holds that similar language in loan documents entitles a lender to recover attorneys' fees reasonably and appropriately incurred in protecting its rights under a deed of trust. Plaintiffs bring this action against SLS solely to vexatiously escape their obligations under a severely defaulted mortgage.

24. For these reasons, SLS requests reimbursement of its reasonable and necessary attorneys' fees and costs jointly and severally from Plaintiffs through the date of Final Summary Judgment.

## III.
### CONCLUSION AND PRAYER

25. Plaintiffs fail to create a genuine issue of material fact in the Response. Further, Plaintiffs fail to address and respond to multiple arguments raised by SLS in its Motion to Dismiss and Motion for Summary Judgment, or provide any legal support for their position. No genuine issues of material fact exists.

---

[13] *See* Ex. B, SLS's Motion for Summary Judgment.

26.     SLS is entitled to recover its reasonable and necessary attorneys' fees and costs in this matter. As discussed throughout the Motion to Dismiss and Motion for Summary Judgment, Plaintiff's lawsuit lacks merit. It is an attempt to impair Defendant's rights in the Property following a severely defaulted mortgage, and Plaintiffs attempt to improperly impede a foreclosure. The Deed of Trust further entitles the lender to recover its reasonable and necessary attorneys' fees incurred as a result of protecting its interest in the Property and rights under the Deed of Trust. SLS is, therefore, entitled to attorneys' fees for defending this suit.

WHEREFORE, PREMISES CONSIDERED, Defendant SLS respectfully requests that the Court (i) dismiss this case with prejudice and/or GRANT SLS's Motion for Summary Judgment, (ii) award reasonable and necessary attorneys' fees and costs to SLS, and (iii) award SLS such other and further relief at law, and in equity, as is just.

Respectfully submitted,

  //s// Branch M. Sheppard
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all parties of record on January 13, 2023 as follows:

***VIA CM/ECF***
WILLIAM M. CLANTON
LAW OFFICE OF BILL CLANTON, P.C.
926 CHULIE DR.
SAN ANTONIO, TEXAS 78216
**COUNSEL FOR PLAINTIFFS**

                                                   //s// Branch M. Sheppard
                                                   Branch M. Sheppard